Robinson v. The State of Florida—Syllabus.

FABE ROBINSON, PLAINTIFF IN ERROR, v. THE STATE OF
FLORIDA, DEFENDANT IN ERROR.

1. Under Section 1096 of the Revised Statutes of 1892, those
   who had been convicted in some court in this State of
   one of the crimes enumerated therein were rendered in-
   comptent as witnesses; but proof of such fact must have
   been adduced to render the proposed witnesses incom-.
   petent.

2. Where the substance of proposed instructions, so far as they
   are applicable to the facts of the case, is fully covered by
   other instructions already given by the court, there is no
   error in refusing those proposed.

3. After a criminal case has been closed on both sides, and the
   argument of counsel is being made, it is within the sound
   judicial discretion of the trial court to permit either the
   State or the defendant to introduce additional evidence in
   furtherance of justice and, unless an abuse of this judi-
   cial discretion is clearly made to appear, an appellate
   court will not disturb the ruling of the trial court either
   in granting or refusing such permisson.

4. It is the duty of the defendant to bring to the attention of
   the trial court, at the earliest possible moment, any newly
   discovered evidence which he may desire to introduce,
   and, if he fails to so bring it to the attention of the trial
   court, an appellate court will not disturb the ruling in re-
   fusing a motion for a new trial based upon the ground of
   such newly discovered evidence.

5. Evidence examined and found sufficient to support the ver-
   dict.

This case was decided by Division A.

Writ of Error to the Circuit Court for Jackson County.

The facts in the case are stated in the opinion of the
Court.

*Price & Watson,* Attorneys for Plaintiff in Error.

*W. H. Ellis,* Attorney General, and *J. W. Kehoe,* State Attorney, for the State.

SHACKLEFORD, C. J.  At the fall term, 1902, of the Circuit Court for Jackson county, the plaintiff in error, Fabe Robinson (hereinafter referred to as the defendant) was indicted for murder in the first degree, was tried at the Spring term of said court for the year 1904, convicted of manslaughter and seeks relief here by writ of error, returnable to the present term of this court.

The first error assigned is that "the court erred in permitting Henry Leslie, a witness for the State of Florida, to testify on behalf of the State, over the objections of the defendant."

The bill of exceptions discloses the following state of facts, upon which said assignment was predicated: As soon as Henry Leslie was sworn as a witness on behalf of the State, the defendant asked permission to question the witness as to his qualifications as a witness, which the court granted, whereupon, in response to questions propounded by the defendant, the witness testified as follows: "I have been convicted of a criminal offense. It was concerning a hog. I was convicted for stealing a hog. It has been about seven years since my conviction. I have never been pardoned by the Pardoning Board." The defendant then objected to the witness testifying upon behalf of the State upon the grounds: "(a) That said witness had been prior to the Acts of 1901 convicted of the crime of larceny, and under the law as it existed prior to the Acts of 1901, one convicted of such offence was thereby disqualified to testify in a court of justice. (b) That from the statement of said witness, he had never been

pardoned by the Board of Pardons of the State of Florida. (c) That the Act of 1901, in so far as it attempted to remove the disqualifications of a person convicted of crime, convicted prior to the enactment of said statute from testifying as a witness is unconstitutional for the reason that said statute is so far as it attempted to remove such disqualifications as to persons theretofore convicted was in the nature of a pardon and partook of the powers and duties of said Board. That under the Constitution such power is vested solely in the Pardoning Board and not in the Legislature; which said objections were by the court overruled and to which said ruling the defendant did then and there except."

The court, in ruling upon the objection of the defendant, said, "I might state that my ruling upon the qualification of the witness, that he is a qualified witness under the law, but the fact of his conviction may go to the jury for their consideration."

This assignment is forcibly and elaborately argued here by the defendant, but, in view of the fact that the question as argued here is not before us for consideration, no extended discussion by us is necessary. Section 1096 of the Revised Statutes of 1892 is as follows: "Persons who have been convicted in any court in this State of murder, perjury, piracy, forgery, larceny, robbery, arson, sodomy or buggery, shall not be competent witnesses. (Even a pardon of a person convicted of perjury shall not render him competent.) Such conviction may be proved by questioning the proposed witness, or if he deny it, by producing a record of his conviction."

As no proof was adduced showing the conviction of the witness "in any court in this State" of any crime enumerated in said statute, we do not see wherein this

statute has any applicability. For this reason it is un-
necessary for us to determine what effect the adoption of
Chapter 4966 of the Laws of 1901 had as to the removal
of disqualifications of witnesses convicted prior to its en-
actment. We find no merit in the assignment. The de-
fendant, under the instructions given by the trial judge
in overruling the objection interposed, had every benefit
to which he was entitled, if any, under the statutes regu-
lating the disqualifications of witnesses convicted of cer-
tain crimes.

The second assignment is that the court erred in re-
fusing to give special charge No. 12 requested by the de-
fendant, which is as follows: "If you believe from the
evidence that the defendant, without being the aggressor
or provoking the difficulty was assaulted by Peterson with
a deadly weapon, and from the acts of Peterson, it rea-
sonably appeared to the defendant, that he, the defendant,
was in imminent present danger of death or of great bod-
ily harm at the hands of Peterson, and that the defendant
honestly believed himself to be in such danger, and so
believing and under such circumstances, the defendant
shot and killed Peterson in order to save his own life or
to prevent serious bodily injury to himself at the hands
of the deceased, then in such event the defendant would
not be guilty and would be justified in his act. In order
to justify the defendant in taking the life of the deceased,
it is not essential that such danger be real, it is sufficient
if it reasonably appeared to the defendant as an ordinary
cautious and prudent man that such danger was real,
present and imminent, and he so believed at the time the
fatal shot was fired."

We find that the trial judge, of his own motion, gave
full and elaborate instructions upon the doctrine of self-

defense, and, in addition thereto, gave every instruction requested by the defendant, 16 in number, with the exception of the instruction upon which this error is predicated. Every essential element in the requested instruction had been fully covered by the other instructions. In fact, we have no hesitancy in saying that the instructions given were far more favorable to the defendant than he was entitled to and he has no cause for complaint, Green v. State, 43 Fla. 556, 30 South. Rep. 656; Richard v. State, 42 Fla. 528, 29 South. Rep. 413; Higginbotham v. State, 42 Fla. 573, 29 South Rep. 410, S. C. 89 Amer. St. Rep. 573; Parnell v. State, 47 Fla. 90, 36 South. Rep. 165.

The third assignment is that "the court erred in overruling defendant's motion for a new trial upon the ground of newly discovered evidence in his behalf as set forth and contained in said motion."

We find that the ground set forth in the motion and in the affidavits of H. T. Belser, W. H. Price and the defendant attached thereto is that S. F. McMillan, a witness on behalf of the defendant, had testified that on the day the person came to his death with whose murder the defendant stood indicted, but prior to the homicide, the defendant and his wife came to affiant as a justice of the peace to have him issue a warrant for the arrest of the deceased for the crime of an assault with intent to commit rape upon the person of defendant's wife; that McMillan had requested defendant to come back next day, as he was too busy to issue the warrant that day, whereupon defendant had said he would go home and get his gun and kill the deceased; that defendant and his counsel were much surprised at the testimony of this witness as to said statement of defendant to him and while the State

Attorney was making the closing argument on the trial of. defendant H. F. Belser informed defendant's counsel of a conversation with McMillan in which he had told him, Belser, that he, McMillan, had said to defendant when applied to by him for a warrant for the arrest of the defendant that "If it was me, I would go home and get my gun and kill the d— s— of a b—h," and that McMillan in said conversation so had with him, Belser, had said nothing of any statement made to him by defendant as to going home, getting his gun and killing the deceased; that defendant had reason to believe that McMillan had made the same statement to other persons in the neighborhood that he had made to Belser as to what he had said to defendant.

We are of the opinion that no error was committed here. Upon the defendant's own showing, the knowledge of the existence of this testimony came to him before the trial was closed and, even though the closing argument was being made, upon a proper application to the court he would doubtlessly have been permitted to introduce the testimony of Belser and of any other witnesses he may have had. Barber v. State, 5 Fla. 199; Burroughs v. State, 17 Fla. 643; Jordan v. State, 22 Fla. 528; Anthony v. State, 44 Fla. 1, 32 South. Rep. 818; Davis v. State, 44 Fla. 32, 32 South. Rep. 822; Ferrell v. State, 45 Fla. 26, 34 South. Rep. 220; 12 Cyc. 559.

The only other assignment of error is the fourth, which questions the sufficiency of the evidence. After a careful examination of all the evidence, we are of the opinion that it was amply sufficient to warrant the jury in finding the defendant guilty of manslaughter, if not even a higher crime. The trial judge properly refused to disturb the verdict, and we must do likewise. McNish v. State,

47 Fla. 66, 36 South. Rep. 176, and authorities there cited.

The judgment must be affirmed and it is so ordered, at the cost of the county of Jackson, an affidavit of insolvency having been filed.

COCKRELL and WHITFIELD, JJ., concur.

TAYLOR and HOCKER, JJ., concur in the opinion.

PARKHILL J., disqualified.