JAKE HUGHES, *Plaintiff in Error,* v. THE STATE OF FLORI-
DA, *Defendant in Error.*

1.  A defendant in a criminal case is not entitled as of right to
    an instruction to the jury to render a verdict of not guilty.

2.  The court may in its discretion have the jury retire during
    the argument of a motion to direct a verdict of not guilty.

3.  No injustice or wrong to the defendant appears to have been
    done by the action of the court in allowing the State's Attor-
    ney to call and have testify a witness for the prosecution after
    the State had rested its case and the defendant had called
    his witnesses but before any of them had been examined.

4.  Testimony tending to show that a witness bought whiskey
    from Jeff Mathews in a certain house in January, 1910, long
    before its occupancy by defendant and long before Mathews
    had any connection with defendant as his servant, employee
    or agent is irrelevant, there being no offer to connect by
    further evidence the defendant with the building or with
    Mathews in January, 1910.

5.  What the witness "saw Joe Welch do" should not be stricken
    as hearsay.

6.  The court in its discretion may allow the introduction of
    further testimony after the taking of testimony has been
    closed and the argument of counsel had begun.

This case was decided by Division B.

Writ of error to the Circuit Court for Citrus County.

The facts in the case are stated in the opinion of the
court.

*Geo. W. Scofield,* for Plaintiff in Error;

*Park Trammell,* Attorney General, for the State.

PARKHILL, J.—The plaintiff in error was convicted in the circuit court for Citrus county of engaging in the business of a dealer in liquors in a county that had voted against the sale of liquor, and comes here by writ of error.

The first error assigned is the denial of the motion for a new trial. The grounds of this motion will be considered with other assignments.

The court was not in error in refusing to direct a verdict of not guilty. A defendant is not entitled as of right to an instruction to the jury to render a verdict of not guilty. Leaptrot v. State, 51 Fla., 57, 40 South. Rep., 616. While the trial judge would have the right, after all the evidence in a criminal case had been submitted, if he was clearly satisfied that all of said evidence would not warrant or support a verdict of guilty to instruct the jury to acquit, this is a matter resting entirely within the discretion of the judge, and no error can be predicated upon his refusal or failure to do so. McCray v. State, 45 Fla., 80, 34 South. Rep., 5.

The court did not err by its refusal to have the jury retire during the argument of the motion to direct a verdict of not guilty. State v. Huff, 76 Iowa 200, 40 N. W. Rep., 720.

At the conclusion of the testimony of the witness for the State, W. F. Warnock, the State Attorney announced that he had closed his case and had no further testimony to offer, and the defendant called his witnesses. The State then called Frank Johnson as a witness, but the defendant objected because the State had already closed its case. None of the witnesses for the defendant had testified when the State called the witness Johnson immediately after the close of its case had been announced. There was no error here. No injustice or wrong to the defendant appears to have been done by the action of the court, and

so this court will not interfere therein. The method of con-
ducting trials, the introduction of evidence, must be left
to the reasonable discretion of the trial court. Adams v.
State, 55 Fla., 1, 46 South. Rep., 152, and Robinson v.
State, 50 Fla., 115, 39 South. Rep., 465.

The witness testified that he bought a half pint of
whiskey from Jeff Mathews and paid him fifty cents for
it in the same house in the month of January, A. D., 1910.
The "same house" referred to was the house the defendant
occupied as a store in May, 1910.

The court erred in refusing to strike the testimony of
this witness upon motion of defendant.

This testimony related to a transaction that happened
in the building in January, 1910, long before its occu-
pancy by defendant in May, 1910, and long before the man
Jeff Mathews had any connection with the defendant as
his servant, employee or agent. The State had shown,
prior to the testimony of this witness, that in May, 1910,
the defendant went into the occupancy of the building
where the sale by Mathews took place and the State only
sought to show that Mathews was the agent or servant of
the defendant in May, 1910, and there was no claim or
offer to connect by further evidence the defendant with
the building or with Mathews in January, 1910.

The court did not err in denying the motion to strike
the testimony of the witness C. C. Croft with reference to
what he saw the said Joe Welch do. What the witness
saw Joe Welch do was not hearsay, as contended. The mo-
tion was not to strike the testimony as to what Joe Welch
told the witness. The other objection, that the testimony
was immaterial and irrelevant is too general. What the
witness saw Joe Welch do on that occasion was material
and not irrelevant.

No abuse of the court's discretion in allowing further
testimony after the testimony had been closed and the

arguments had begun was shown. Jordan v. State, 22 Fla., 528; Anthony v. State, 44 Fla., 1, 32 South. Rep., 818; Davis v. State, 44 Fla., 32, 32 South. Rep., 822; Ferrell v. State, 45 Fla., 26, 34 South. Rep., 220; Robinson v. State, 50 Fla., 115, 39 South. Rep., 465.

As the State may be able, on another trial, to obtain further evidence we will express no opinion as to the sufficiency of the evidence to support the verdict, other than to say the proof of the guilt of defendant presented in the bill of exceptions now is very meager.

The judgment is reversed.

TAYLOR and HOCKER, J. J., concur;

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, J. J., concur in the opinion.