Morasso v. The State of Florida—Syllabus.

---

V. A. MORASSO, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed November 2, 1917.

1.  The trial judge in the exercise of judicial discretion may refuse to permit a witness to testify who has disobeyed a rule of court excluding such witness from the court room during the trial, and such action will not be disturbed on appeal unless there has been an abuse of such discretion.

2.  It is the duty of an appellant to make the errors apparent of which he complains. Excluded evidence should be set forth in order that an appellate court can determine whether it was properly excluded or whether there was an abuse of judicial discretion in excluding it.

3.  In order to impeach a witness by proving previous statements or acts inconsistent with his testimony a predicate

must first be laid by calling his attention on cross-examination to such statements or acts together with the time and place of such statements or acts.

4.  An assignment of error be had upon the refusal of the trial court to give a special charge requested will not be considered by the appellate court where the record does not exhibit the entire charge given to the jury.

Writ of Error to Court of Record for Escambia County, C. M. Jones, Judge.

Judgment affirmed.

*Philip D. Beall* and *Robert H. Anderson,* for Plaintiff in Error;

*Van C. Swearingen,* Attorney Genearl, and *Worth W. Trammell,* Assistant for the State.

JONES, Circuit Judge.—The plaintiff in error, V. A. Morasso, was convicted in the Court of Record of Escambia County at the May Term thereof 1917, upon an information which charged that he did then and there engage in and carry on the business of a dealer in liquors without first having procured the license required by law and that the defendant had theretofore been convicted in said Court of Record of Escambia County of a similar offense, which judgment he seeks to have reversed here upon writ of error.

Briefly stated, the testimony on behalf of the State tends to prove that the Deputy Sheriff seized in the house of one Mrs. Gilchrist at Flomaton, in Escambia County on 2nd. May, 1917, a trunk full of pints and half pints of whiskey and a suit case with several pints of whiskey.

in it, and in a small out house behind her premises two barrels, one containing forty-eight quarts of beer and the other about three hundred half pints of whiskey; that said liquors were then in the court room and pointed out by the Deputy Sheriff. That on the same day of said seizure upon searching defendant's house, the said Deputy found and seized a box containing an assortment of quart bottles of whiskey, gin and wine; that Lige McCurdy and Claud McCurdy claimed the last liquors seized and he gave it to them. They claimed no other liquor although they knew that the Deputy had then in his possession the liquors first seized on the premises of Mrs. Gilchrist. That after he had arrested the defendant, the defendant told the Deputy that if he had just staid away a week longer he would not have gotten him, as it was his intention to quit. The Deputy pointed out another barrel of liquor seized by him from another person on a previous raid. Mrs. Gilchrist testified that the defendant and the two McCurdy's brought the liquors to her house the day before it was seized and that defendant asked her permission to let them keep the "stuff" at her house until next morning, and that she let them keep it there for accommodation. Several witnesses, including one Albert Johnson testified that defendant had sold them liquors at various times, Albert Johnson testifying that he or one Mayo before Christmas, 1916, bought from defendant two pints of beer, and that he was not a witness at the preliminary trial of defendant before Judge Bellinger in January, 1917, charged with selling whiskey. The testimony further shows that after his arrest the defendant approached the sheriff and a deputy sheriff and sought to arrange with them to let one Botts who also had been arrested plead guilty as Botts could pay a fine, he not having been previously convicted of

this offense, and that he defendant had decided to quit selling whiskey; that he had spent $285.00 for the liquors that had been seized, which was all the cash he had, and if he were convicted he would have to go to the pen. The record of defendant's conviction and sentence in November, 1914, for the unlawful sale of liquors was offered in evidence.

The testimony of one Claud McCurdy for the defendant was to the effect that he purchased the liquors seized on the premises of Mrs. Gilchrist with money furnished by a number of people who intended to have and use the liquor at a picnic, and that the liquors were not purchased by him for sale; that he and his brother and the defendant carried the liquor to Mrs. Gilchrist's.

The defendant then produced one Lige McCurdy as a witness, who was duly sworn and placed upon the witness stand, whereupon the County Attorney prosecuting for the State objected to the testimony of McCurdy upon any point, or as to any fact, upon the ground that the rule had been granted by the court excluding witnesses from the court room, and that the witness McCurdy had been present in the court room during the examination of the State witnesses, which objection was sustained by the court and to which ruling defendant excepted.

The County Judge of Escambia County testified for defendant that in a preliminary hearing before him in January, 1917, wherein the defendant was being prosecuted for the sale of liquor without license, that Albert Johnson was produced as a witness, and then defendant's counsel asked the following question: "At the preliminary hearing given by you of this witness in January, 1917, did the State witness Albert Johnson testify that he had bought liquor in any quantity from this defendant in Escambia county, Florida?" to which question the

State by its counsel objected on the ground that no proper predicate had been laid for the contradiction of this witness as to what he testified to before the County Judge, which objection was sustained, to which ruling defendant excepted.  Counsel for defendant then propounded the following question to the witness: "Was this defendant discharged by you at the perliminary hearing in January, 1917, of the charge of being a common liquor dealer?" which question was objected to by the State on the ground that same was irrelevant and immaterial, which objection was sustained, and said ruling excepted to by defendant.  This witness however testified that he would not have discharged defendant if there had been any evidence before him of any sale of liquors by defendant.  Then defendant produced one other witness who testified that the reputation of the witness Jernigan for truth and veracity was bad.  The defendant then moved the court to strike the testimony of the deputy sheriff as to liquor seized by him other than the liquor found at the Gilchrist home and to remove the liquor which was not seized at the Gilchrist house from the court room, which motion was granted by the Court.

Then the defendant moved the court to strike all testimony with reference to liquor found at the house of Mrs. Gilchrist, and also to remove that liquor from the court room, because the liquor did not belong to the defendant and was not held by him for sale, and was not an unusually large quantity of liquor in possession of an individual as contemplated by the statute, same having in no way been connected with defendant, which said motion was denied, to which ruling defendant excepted.

There are ten assignments of error, only seven of which are argued by plaintiff in error, and they will be considered in the order presented.

The first assignment of error is that "The court erred in refusing to permit the witness Eliza (Lige) McCurdy testify to any matters and things whatsoever." As has been seen the court placed all witnesses under the rule, excluding them from the court room during the progress of the trial, and that this witness disobeyed the order of the court by remaining in the room hearing the testimony of the State witnesses. The trial judge in the exercise of his judicial discretion held that the witness would not be permitted to testify, and such ruling will not be disturbed on appeal unless there has been an abuse of such discretion. Seaboard Air Line Ry. v. Smith, 53 Fla. 375, 43 South. Rep. 235. It is the duty of an appellant to make the errors apparent of which he complains. Excluded evidence should be set forth in order that an appellate court can determine whether or not it was properly excluded, or whether there was an abuse of judicial discretion in excluding it. The trial court was not informed by the defendant what he expected to prove by this witness, and it will therefore be presumed that the action of the court was proper. Davis v. State, 54 Fla. 34, 44 South. Rep. 757; McCall v. State, 55 Fla. 108, 46 South. Rep. 321. It has been repeatedly held by this court that the method of conducting trials and the introduction of evidence will be left to the reasonable discretion of the trial court, and every presumption is in favor of the correctness of such rulings. Hughes v. State, 61 Fla. 32, 55 South. Rep. 463; Adams v. State, 56 Fla. 1, 48 South. Rep. 219.

The second assignment of error is that "The court erred in refusing to permit the witness Henry Bellinger to answer the following question propounded by defendant's counsel: 'Was this defendant discharged by you at his preliminary hearing in January, 1917, of the charge

of being a common liquor dealer?' The testimony sought by this question was irrelevant and immaterial to the issue then on trial. The result of a preliminary hearing would not be proper testimony for or against the defendant; however, it appears that the witness notwithstanding the ruling of the court testified that he would not have discharged the defendant Morasso had there been any evidence before him of any sale of liquor by him at the said preliminary hearing in January, 1917, as he was an officer sworn to enforce the law, and was one who would do it."

The third assignment of error is that "The court erred in refusing to permit the witness Henry Bellinger to answer the following question propounded by defendant's counsel: 'At the preliminary hearing given by you to the defendant in January, 1917, did the State's witness, Albert Johnson, testify that he had bought liquor in any quantity from this defendant in Escambia County, Florida?' "

The witness Albert Johnson had testified that he was not a witness at the preliminary hearing before Judge Bellinger in January, 1917, wherein defendant Morasso was charged with selling whiskey, and Judge Bellinger in his direct testimony for defendant contradicted Johnson by testifying that Johnson was produced as a witness at said preliminary trial. The sole purpose of the question set forth above was to discredit the witness Johnson by proving that he gave certain testimony in the preliminary hearing. There was no predicate laid to impeach him and in order to impeach a witness by proving previous statements or acts inconsistent with his testimony his attention must first be called on cross-examination to such statements or acts. Horne v.

Carter's Adm'rs., 20 Fla. 45. Otherwise the testimony of Bellinger would have been mere hearsay.

The fourth and fifth assignments of error—(4) "That the court erred in refusing to strike upon motion of defendant's counsel all of the testimony offered by the State of the finding of large quantities of liquor at places not in the defendant's possession." (5) "That the court erred in refusing motion of counsel for defendant to strike testimony offered by the State as to the finding intoxicating liquor at the house of Mrs. Gilchrist's."

The first of these two assignments is too general, but is not applicable in any event, because the court had stricken all testimony as to liquors other than that seized at the house of Mrs. Gilchrist, and had the same removed from the court room.

In view of the testimony which tends to prove an admission by defendant that he was the purchaser and owner of the liquor, other admissions by defendant and his connection with the liquor, there is no merit in the fifth assignment of error.

The sixth and seventh assignments of error are based on the refusal of the court to give two special charges requested by defendant. The requested charges are not set out in this opinion because they cannot be considered by this court for the reason that the record does not exhibit the entire charge given to the jury, and the appellate court cannot say that the trial court erred in refusing to give a specific charge requested by defendant. Weaver v. State, 58 Fla. 135, 50 South. Rep. 539; Finlayson v. State, 46 Fla. 81, 35 South. Rep. 203.

The judgment is affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.

WEST, J., disqualified.