S. A. ROMANO, *Plaintiff in Error,* v. GEORGE PALAZZO, *Defendant in Error.*

### Opinion Filed February 14, 1922.

1. The matter of excluding witnesses from the court room during the trial of a cause is one within the discretion of the trial court, and where the rule has been applied the matter of permitting a witness to testify notwithstanding the fact that he has not complied with it is also matter within the court's discretion and will not be interfered with unless it has been made to appear that such discretion has been abused to the injury of the complaining party.

2. The method of conducting trials, the introduction of evidence and the order in which witnesses may be called are matters which are left to the reasonable discretion of the trial court and every presumption is in favor of the correctness of the court's ruling in the premises.

3. Where the court has placed the witnesses under the rule and a witness is called who has not conformed to it, the party calling such witness should make proffer to the court of the evidence sought to be introduced through such witness, if he fails to do so the record will not disclose any injury to the party calling such witness if the court refuses to allow him to testify.

4. In an action of assumpsit where the defendant pleaded a set off consisting of money paid by the defendant to a third person at the plaintiff's request and the evidence offered in support of the plea tends to show that an agreement existed between the plaintiff and defendant under which the plaintiff was to purchase supplies from a third person and the same should be charged to the defendant, the defendant in support of his plea should know that the money paid by him was for a valid existing charge made against him by the third person under the agreement.

5. Charges announcing a correct proposition of law applicable to the evidence are correctly given.

6. Evidence examined and found sufficient to support the verdict.

A Writ of Error to the Circuit Court for Franklin County; E. C. Love, Judge.

Affirmed.

*R. Don McLeod, Jr.*, for Plaintiff in Error.

*W. J. Oven*, for Defendant in Error.

ELLIS, J.—George Palazzo brought an action against S. A. Romano in the Circuit Court for Franklin County for board for a number of years commencing in 1913.

The declaration contains seven counts as follows:  For money payable by the defendant to the plaintiff for goods bargained and sold by the plaintiff to the defendant; second, for work done and materials furnished; third, for money lent; fourth, for money paid by the plaintiff for the defendant at his request; fifth, for money received by the defendant for the use of the plaintiff; sixth, account stated, and seventh for board and lodging furnished the defendant and his dog from the first of January, 1913, to and including the first of January, 1919, less a sum of money which the plaintiff admits that the defendant had paid on account amounting to $1,308.56.

The defendant pleaded that he never was indebted; second, payment, and third, that the plaintiff was indebted to the defendant at the time of the institution of the suit in the sum of about $1,927.00 which he was willing to set off against the plaintiff's claim.

There was a verdict for the plaintiff in the sum of $500.00, and judgment was entered accordingly for the plaintiff.  The defendant seeks to reverse that judgment upon writ of error.

During the trial of the cause the witnesses were placed under the rule.  After the plaintiff rested his case the defendant called as a witness, Antonio Cisceroni.  The plaintiff objected to this witness testifying upon the ground that he had not been excluded from the court room under the rule and there was no exception made in his favor. This objection was sustained and the witness was not permitted to testify.  That transaction was made the basis of the first assignment of error.

No proffer was made of the evidence sought to be introduced through this witness.  There was nothing to show

whether the proposed testimony of the witness was material, nor whether it was or not merely cumulative, nor whether he was competent to testify as to the matters sought to be introduced in evidence through him.

The matter of excluding witnesses from the court room during the trial of a cause is one within the discretion of the trial court and whether a witness shall be excluded from the rule or whether one who has not been placed under the rule but who nevertheless has remained in the court room during the taking of testimony, as was true in the case of Antonio Cisceroni, shall be permitted to testify notwithstanding the rule are all matters within the discretion of the trial court and will not be interfered with by an appellate court unless it has been made clearly to appear that the trial court has abused its discretion to the injury of the complaining party. There is nothing in the record to show that the action of the court in excluding the testimony of the witness resulted in any harm to the defendant. The presumption is in favor of the correctness of the court's ruling and reasonable exercise of discretionary power and the burden is upon plaintiff in error to make the alleged error in the court's ruling affirmatively to appear. See Seaboard Air Line Ry. v. Smith, 53 Fla. 375, 43 South. Rep. 235; Falk v. Kimmerle, 57 Fla. 70, 49 South. Rep. 504; Morrasso v. State, 74 Fla. 269, 76 South. Rep. 777.

The method of conducting trials, the introduction of evidence, and the order in which witnesses may be called are matters which are left to the reasonable discretion of the trial court and every presumption is in favor of the correctness of such ruling. Hughes v. State, 61 Fla. 32, 55 South. Rep. 463.

In the plea of set-off the defendant averred that he had paid to the Spano Rotundo Company for the plaintiff at the latter's request the sum of $228.15.

The defendant testified in his own behalf that he had boarded with the plaintiff for the time alleged and caused his dog also to be fed at the same place and that he paid for the plaintiff to the Spano Rotundo Company the sum of $228.15, which he said was for supplies furnished by that company to the plaintiff and the account was charged to the defendant. The court charged the jury in regard to that claim in the defendant's plea of set-off that if the defendant paid that amount for the plaintiff the burden was upon the defendant to prove that the amount paid by him to the Spano Rotundo Company was at the plaintiff's request and that the jury should determine from "the evidence in this case whether or not it has been proven that any such valid charge existed." Counsel for plaintiff in error contends that the charge is vague and uncertain in its meaning and is misleading. That it was error to instruct the jury that the indebtedness to the Spano Rotundo Company had to be shown to be a valid, existing debt, which the counsel for plaintiff in error contends is the meaning of the phrase "that any such valid charge existed" as used in the instruction. Counsel for plaintiff in error urges that if the defendant paid the amount at the plaintiff's request it was a proper subject of set-off regardless of whether there was a valid charge or indebtedness against the plaintiff for such amount and that position is undoubtedly correct but the proposition does not quite fit the evidence, although it is appropriate to the plea.

The plea avers that the defendant paid the money to the Spano Rotundo Company for the plaintiff at his request.

He testified, however, that the transaction was of a little different character and not a mere matter of paying a specific sum to a third person at the plaintiff's request. The defendant testified that there was an understanding between him, the Spano Rotundo Company and the plaintiff that the latter should get supplies from the company, that the Company would charge the items to the defendant and the defendant would board it out with the plaintiff, therefore it became very necessary to support the plea of set-off for the defendant to show that whatever sum he paid to the Company was on account of a valid obligation of the plaintiff's and pursuant to the arrangement mentioned. There was no error in that charge.

It appeared in evidence that the plaintiff and the defendant agreed that board should be charged the defendant at the rate of $21.00 per month. It also appeared that the plaintiff, at one time when the prices of commodities were increasing rapidly, told the defendant that he would have to increase the charges for the latter's board.

The defendant requested the court to charge the jury that if the defendant and the plaintiff agreed that the latter should board the former at the rate of $21.00 per month that the plaintiff could not change the contract without the consent of the defendant or without notice to him. That charge was given but the court added thereto the following, that if the plaintiff notified the defendant that the latter's board would be increased from the amount previously agreed upon, if such agreement was made and the defendant without expressly consenting thereto, or without protest continued to board with the plaintiff that the plaintiff would be entitled to recover for the increased price from the date of the notice to the defendant. It is contended by counsel for plaintiff in error that the last

part of the instruction was inapplicable to the evidence because it no where appeared in the evidence that the plaintiff ever notified the defendant of the intention to increase the rate of board. That criticism is not justified by the record. The plaintiff testified that the defendant boarded with him from January 1, 1913, until the year 1920. That the defendant caused his dog to be fed at the plaintiff's place during that period of time until the dog died and from time to time took guests with him to eat at the same place, that the monthly charges against the defendant ranged from $21.00 to $33.00 and that after August of 1917 the plaintiff charged the defendant $30.00 a month for board explaining to the defendant at the time that the reason for it was the high prices of everything, and that the defendant made no objection.

In view of that evidence we think the charge was applicable and there was no error in it.

The other assignments of error raise the question of the sufficiency of the evidence to support the verdict. In the first place it is contended that the verdict includes an allowance for the board of the defendant's dog and there was no evidence that any agreement had been made between the plaintiff and the defendant as to the amount to be charged for keeping the former's dog. There was evidence in the record that the amount charged was only $2.00 per month and that was a reasonable price, that the defendant had asked the plaintiff to take care of the animal and the defendant, himself, had fed it scraps of food from the table. It is further contended that the evidence was so uncertain, the language of the witnesses so involved and the figures presented being a mere inextricable mass of tangled numbers that it would be impossible for any

body to unravel them and arrive at a conclusion as to the difference between the parties with any degree of certainty.

There is ample evidence to support the verdict for $500.00 which the jury found to be due from the defendant to the plaintiff, indeed if the verdict had been for a larger sum it is doubtful if it would have been obnoxious to the criticism that it was excessive. We are not concerned with the process of reasoning which the jury adopted to arrive at the conclusion reached, nor is it proper to question the propriety of their verdict so far as the credibility of witnesses is concerned. There may have been items found in the defendant's bill of particulars forming the basis of his plea of set-off which the jury did not consider sufficiently established to allow, but that many of the items were allowed is evident from the verdict rendered.

It has not been made to appear that there was any error in the verdict and therefore there appears to be no error in the order over-ruling a motion for a new trial upon the ground that the verdict was not sustained by the evidence.

No error having been made to appear in the record the judgment is hereby affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND WEST, J. J., concur.