ALLEN CASON, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed September 17, 1923.

1. The contention that the evidence does not support the verdict is not sustained where there is competent evidence, although contradicted, legally sufficient to uphold the verdict and there is nothing in the record to indicate that the jury were influenced by anything other than a due consideration of the evidence.

2. A party who wishes to avail himself of the omission of the Court to charge the jury on any point in the case, should request the court to give the instruction desired; otherwise, he will not be permitted to assign the omission as error.

3. The matter of excluding witnesses from the court room during the trial of a cause is one within the discretion of the trial court; and where the rule has been applied, the matter of permitting a witness to testify, notwithstanding the fact

that he has not complied with such rule, is also a matter within the court's discretion and will not be interfered with unless it has been made to appear that such discretion has been abused to the injury of the complaining party.

This case was decided by Division B.

A Writ of Error to the Circuit Court for Volusia County; James W. Perkins, Judge.

Affirmed.

*Landis, Fish & Hull* and *Erskine W. Landis,* for Plaintiff in Error;

*Rivers Buford,* Attorney General, and *M. C. McIntosh,* Assistant Attorney General, for the State.

WEST, J.—Plaintiff in error, Allen Cason, was indicted and tried upon a charge of assault with intent to commit murder in the first degree. The verdict returned found him guilty as charged. To review the judgment imposing sentence upon him writ of error was taken from this court.

There are a number of assignments of error, but generally they may be grouped under three heads, namely; (1) the sufficiency of the evidence to support the verdict; (2) the failure of the trial court to instruct the jury upon the law applicable to lower degrees of offense charged in the indictment than assault with intent to commit murder in the first degree; and (3) rulings of the court overruling objections on behalf of defendant to the admission in evidence of a pistol and certain bullets and clothing and other articles.

With respect to the first question the principal contention is that the identity of the accused was not proved.

The answer to this contention is that the victim of the assault, who was shot, positively identified the defendant as the man who shot him. He testified that he knew the defendant and that he saw him and recognized him at the time of the shooting. There is other evidence of circumstances tending to corroborate this evidence. Although contradicted by the defendant, the jury apparently believed it to be true. There is nothing in the record to indicate that the jury were influenced by anything other than a due consideration of the evidence. The contention that the evidence does not support the verdict cannot be sustained.

Upon the second question the rule is well established in this jurisdiction that "if a party wishes to avail himself of the omission of the court to charge the jury on any point in the case, he must ask the court to give the instruction desired; otherwise he will not be permitted to assign the omission as error." Cross v. State, 73 Fla. 530, 74 South. Rep. 593; Herndon v. State, 73 Fla. 451, 74 South. Rep. 511; Hicks v. State, 75 Fla. 311, 78 South. Rep. 270; Miller v. State, 76 Fla. 518, 80 South. Rep. 314; Hobbs v. State, 77 Fla. 228, 81 South. Rep. 444; Witt v. State, 80 Fla. 38, 85 South. Rep. 249. If there is anything to the contrary in the case of Johnson v. State, 53 Fla. 45, 43 South. Rep. 779, it is overruled by Cross v. State, *supra.* No instruction on the point was requested.

It is considered unnecessary to review the evidence of identity of the several articles which were offered and received in evidence. Their identity, we think, was sufficiently shown to permit their introduction, and the orders of the court overruling objections interposed and refusing to exclude them were not erroneous.

There was no abuse of its discretion by the trial court in permitting witnesses who were officers of the court,

one a deputy sheriff and one an attorney, to be examined and give evidence on behalf of the State, over objection of defendant that they had not been placed under the rule. Romano v. Palazzo, 83 Fla. 243, 91 South. Rep. 115; Morasso v. State, 74 Fla. 269, 76 South. Rep. 777. Nor has any other error of procedure been made to appear upon the record by the exhaustive and able briefs of counsel.

The judgment is affirmed.

WHITFIELD, P. J., AND TERRELL, J., concur.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in the opinion.