G. R. K. CARTER, *Plaintiff in Error*, vs. FIRST TRUST & SAVINGS BANK, a banking corporation,, as Administrator with the Will annexed, of the Estate of George L. Rickard, deceased, *Defendant in Error*.

144 S. 885.

Division B.

Opinion filed December 5, 1932.

*Shipp, Evans & Kline*, for Plaintiff in Error;

*L. S. Julian* and *Shutts & Bowen*, for Defendant in Error.

PER CURIAM.—This was an action at law on a promissory note for $11,500.00 given by the defendant below, G. R. K. Carter, to George L. Rickard, commonly known as "Tex" Rickard, in his lifetime. The consideration for

it was an advancement of moneys by Rickard, a sport promoter of New York, for the erection and operation of a race track for dogs. After Rickard died, the First Trust & Savings Bank, as administrator with the will annexed, made demand on Carter for the payment of the note. Carter refused to pay, claiming that he had a set off against Rickard of more than the amount due Rickard's estate. The pleadings presented this issue for trial. Trial was had in due course and after all the evidence was in for both sides the Circuit Judge directed the jury to return a verdict for the amount of the note and interest, with reasonable attorney's fees. From the judgment of $13,931.00 principal and interest and $700.00 for attorney's fees, the defendant below prosecuted this writ of error.

The only error assigned and argued is the direction of a verdict for plaintiff in disregard of the plea of set off. A careful review of the evidence adduced in support of the defendant's plea claiming a set off for moneys alleged to have been advanced to Rickard during his lifetime, fails to disclose that Rickard ever became legally liable therefor, assuming that any such moneys were ever made over to the witness, A. W. Griffith, as testified to by him. Therefore the plea of set off was not sustained and the court did not err in directing a verdict for plaintiff on proof of the note, and its production in evidence, with supplementary evidence showing that it was unpaid and the amount still due thereon for principal and interest.

The burden was on the defendant claiming a set off for moneys alleged to have been advanced by him to Rickard, the payee of the note, to prove that the amounts claimed by him to have been paid over to Griffith, a third person, were so furnished or advanced at the request of Rickard, the party sought to be charged, or that Rickard in some way acknowledged or accepted the amounts so

paid over, as his own indebtedness. Romano vs. Palazzo, 83 Fla. 243, 91 Sou. Rep. 114.

No man can, by a voluntary payment of the debt of another, make himself that man's creditor, and recover from him the amount of the debt so paid. Craig vs. McGehee, 2 Fla. 58.

Judgment affirmed.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur.

ELLIS, J., concurs in the opinion and judgment.

Filed under Rule 21 A.