## E. W. WEST v. STATE OF FLORIDA

6 So. (2nd) 7

Division B

February 6, 1942

Clyde Mayhall, for appellant.

J. Tom Watson, Attorney General, Sidney L. Segall, Woodrow M. Melvin, and Kenneth Ballinger, Special Assistants Attorney General, for appellee.

CHAPMAN, J.:

The appellant, E. W. West, was informed against jointly with two others, and a severance granted, and he was tried and convicted of the crime of perjury by a jury of Jackson County, Florida, and by the trial court sentenced to serve a period of three years in the State Prison at hard labor. He has perfected an appeal therefrom to this Court.

The trial court excluded from the operation of the rule that all the witnesses remain outside of the hearing of the trial of the case during the progress of the trial, an attorney, two deputies and the county judge and permitted or allowed them to remain in the court room when testimony was taken, and the officers and the attorney were later called as witnesses and gave testimony for the State, and it is here contended that this ruling constitutes reversible error. The exclusion of the attorney, the two deputies and the county judge from the operation of the rule was a matter addressed to the sound judicial discretion of the trial

court and the burden was on the appellant here to show an abuse of the discretion by permitting these four witnesses to remain in the court room when testimony was being taken. In the absence of a showing of an abuse of discretion, it is clear that reversible error was not committed. See Morasso v. State, 74 Fla. 269, 76 So. 777; Cason v. State, 86 Fla. 276, 97 So. 720.

It is next contended that the testimony adduced was legally insufficient to sustain the verdict and judgment. The appellant testified during a trial in the County Judge's Court of Jackson County, Florida, that he did not have a concealed weapon on his person at Graceville, Florida, on February 15, 1941. The officers testified that he did and the jury rendered a verdict of guilty. We hold the testimony is sufficient to support the verdict and judgment.

It is next contended that the information under which appellant was convicted failed and omitted to charge a criminal offense against the laws of Florida. This question for the first time was raised in the lower court by motion for a new trial. It was the duty of counsel for appellant under the Criminal Code (Ch. 19554, Acts 1939) to have presented this contention to the trial court prior to pleading to the information. This Court, in a number of criminal cases, has had occasion to rule on the sufficiency of the allegations of an information or indictment charging the crime of perjury. A cursory examination of the books would have disclosed this fact and a familiarity therewith was of tremendous importance to this litigant. It is reasonable for a litigant to assume that when counsel is retained or employed for the trial of a case that he is familiar with or will possess a knowledge of the

law generally applicable to the controversy when the case is ready for trial or when it is being tried.

The failure of the information to set out by appropriate allegations the truth about the possession of a concealed weapon by appellant on February 15, 1941, presents a very serious question. See Fudge v. State, 57 Fla. 7, 49 So. 128, 17 Ann. Cas. 919; State ex rel. Reed v. Blitch, 97 Fla. 260, 120. So. 355; Hall v. State, 136 Fla. 644, 187 So. 392. It is probable that the trial court would have sustained a motion to quash thereby correcting the error appearing in the information had it been directed to his attention prior to the trial of the case. The Criminal Code (Ch. 19554, Acts 1939) requires that motions to quash shall be heard before the filing of a plea to the information. The raising for the first time by a motion to quash the infirmities of the information, if any, by a motion for a new trial is not recognized by the Code, but, on the other hand, it specifically directs that the motion to quash should be presented and ruled upon prior to filing a plea to the merits. The motion to quash in the form of a motion for a new trial here comes too late and the law presumes that the infirmities, if any, were waived after pleading to the information, selecting and swearing a jury, taking of testimony, argument of counsel, and a charge of the court upon the law of the case.

The judgment appealed from is hereby affirmed.

BROWN, C. J., TERRELL and THOMAS, JJ., concur.