WIGGINTON, Judge.
Appellants seek review of the judgments of conviction and sentence rendered against them based upon a jury verdict finding them guilty of offenses against the criminal laws of this state. Appellants contend that the trial court committed error during the course of their respective trials, because of which they are entitled to a new trial.
Appellant Andrews was charged in an information with the offense of assault with intent to commit murder. The jury rendered its verdict finding him guilty of the lesser included offense of assault with a deadly weapon without intent to kill. For some reason not disclosed by the record, but perhaps through inadvertence or oversight, the judgment rendered against Andrews- adjudged him guilty as charged in *573 the information with the offense of assault with intent to commit murder. It was based upon such conviction that sentence was imposed upon him. Both appellant and appellee concede that the error thus committed requires that the judgment and sentence imposed by the court be set aside. For the foregoing reasons, the judgment of conviction and sentence with respect to appellant Andrews is reversed and the cause remanded with directions that a proper judgment and sentence be imposed in accordance with the jury’s verdict.
Both appellants contend that the trial court erred in overruling their objection to a question propounded by appellee to a rebuttal witness which was elicited for the purpose of impeaching the testimony of a defense witness who testified on behalf of appellants. They urge that no predicate for the question to which they objected was properly laid by the State as required by F.S. Section 90.10, F.S.A., relating to impeachment of witnesses by adverse party. Our examination of the record disclosed that no objection to the question referred to was made by appellants during the trial on the grounds asserted on this appeal. The record affirmatively establishes that the objection made by appellants to the critical question propounded to the State’s rebuttal witness was on the ground that it constituted hearsay evidence and was therefore inadmissible. It was this objection which the trial court overruled and its action in this regard is not assigned as error on appeal. It is a settled principle of law prevailing in this state that a party is not permitted to raise for the first time in an appellate court an objection to questions propounded to witnesses in the trial court upon grounds which were not urged as an objection to the questions at the time of trial.[1] Appellants having objected to the question propounded to the State’s rebuttal witness on the sole ground that it constituted inadmissible hearsay evidence may not now abandon that ground for their objection and assert for the first time on this appeal the new and different ground that no predicate for the question was properly laid as required by law. The error, if any, being neither jurisdictional nor fundamental, is not one which may now be considered under the circumstances of this case.
We have considered the remaining point urged by appellant McCray regarding the sufficiency of the evidence to support the verdict and judgment against him. From our review of the record we are convinced that this question involved an issue created by conflicting testimony, evidence, and reasonable inferences to be drawn therefrom which could properly be resolved only by the jury. We find this point on appeal to be without merit.
The judgment and sentence rendered against appellant Andrews is reversed and the cause remanded for the rendition of an appropriate judgment and sentence in accordance with the jury’s verdict. The judgment against appellant McCray is affirmed.
SPECTOR, C. J., and JOHNSON, J., concur.

. Johnston v. State, 65 Fla. 492, 62 So. 655, 657; Brown v. State, 44 Fla. 28, 32 So. 107.