McCAIN, Justice.
On this petition for writ of certiorari, petitioners seek review of a decision of the District Court of Appeal, First District, opinion reported at 252 So.2d 572, which is alleged to conflict with Morasso v. State, 74 Fla. 269, 76 So. 777 (1917).
The decisive issue to be determined is whether a party who finds a question objectionable because of the failure of the opposing side to lay a proper predicate may object to the question on hearsay grounds and still preserve the alleged error for appeal. On this point the District Court of Appeal, First District, in reviewing petitioners’ felony convictions, said:
“Both appellants contend that the trial court erred in overruling their objection to a question propounded by appellee to a rebuttal witness which was elicited for the purpose of impeaching the testimony of a defense witness who testified on behalf of appellants. They urge that no predicate for the question to which they objected was properly laid by the State as required by F.S. Section 90.10, F.S.A., relating to impeachment of witnesses by adverse party. Our examination of the record disclosed that no objection to the question referred to was made by appellants during the trial on the grounds asserted on this appeal. The record affirmatively establishes that the objection made by appellants to the critical question propounded to the State’s rebuttal witness was on the ground that it constituted hearsay evidence and was therefore inadmissible. It was this objection which the trial court overruled and its action in this regard is not assigned as error on appeal. It is a settled principle of law prevailing in this state that a party is not permitted to raise for the first time in an appellate court an objection to questions propounded to witnesses in the trial court upon grounds which were not urged as an objection to the questions at the time of trial. Appellants having objected to the question propounded to the State’s rebuttal witness on the sole ground that it constituted inadmissible hearsay evidence may not now abandon that ground for their objection and assert for the first time on this appeal the new and different ground that no predicate for the question was properly laid as required by law . . . ”
We find ourselves compelled to disagree with this analysis because in our opinion petitioners’ assignment of error on the *498 ground of failure to lay a proper predicate was not a “new and different ground” from the hearsay objection made at trial. In Morasso v. State, supra, this Court held that failure to lay a proper predicate converts otherwise admissible testimony into hearsay. It follows that an objection on hearsay grounds is sufficient to preserve for appellate review the issue of failure to lay a proper predicate.
It was therefore error for the District Court to refuse to consider petitioners’ as-, signment of error on this point. Accordingly, certiorari is granted without oral argument, the quoted portion of the opinion of the District Court is quashed and the cause is remanded to the District Court of Appeal, First District, for reconsideration of the issues in light of the views expressed herein.
It is so ordered.
ROBERTS, C. J., and ERVIN, CARLTON and DEKLE, JJ., concur.