*847 OPINION ON MANDATE
WIGGINTON, Judge.
These cases are again before the court pursuant to the mandate rendered by the Supreme Court of Florida which quashed our decision of affirmance and remanded the cases to this court for further consideration.
Upon the original appeal to this court appellants challenged as error the ruling of the trial court which overruled their objection to a question propounded to a State rebuttal witness without requiring the State to lay a proper predicate contrary to the requirements of F.S. Section 90.10, F.S.A.[1]
This court declined to consider the foregoing point raised by appellants because:
“Both appellants contend that the trial court erred in overruling their objection to a question propounded by appellee to a rebuttal witness which was elicited for the purpose of impeaching the testimony of a defense witness who testified on behalf of appellants. They urge that no predicate for the question to which they objected was properly laid by the State as required by F.S. Section 90.10, F.S.A., relating to impeachment of witnesses by adverse party. Our examination of the record disclosed that no objection to the question referred to was made by appellants during the trial on the grounds asserted on this appeal. The record affirmatively establishes that the objection made by appellants to the critical question propounded to the State’s rebuttal witness was on the ground that it constituted hearsay evidence and was therefore inadmissible. It was this objection which the trial court overruled and its action in this regard is not assigned as error on appeal. It is a settled principle of law prevailing in this state that a party is not permitted to raise for the first time in an appellate court an objection to questions propounded to witnesses in the trial court upon grounds which were not urged as an objection to the questions at the time of trial. Appellants having objected to the question propounded to the State’s rebuttal witness on the sole ground that it constituted inadmissible hearsay evidence may not now abandon that ground for their objection and assert for the first time on this appeal the new and different ground that no predicate for the question was properly laid as required by law. The error, if any, being neither jurisdictional nor fundamental, is not one which may now be considered under the circumstances of this case.”[2]
Upon its review of this court’s decision by conflict certiorari, the Supreme Court quashed and held:
“We find ourselves compelled to disagree with this analysis because in our opinion petitioners’ assignment of error on the ground of failure to lay a proper predicate was not a ‘new and different ground’ from the hearsay objection made at trial. In Morasso v. State, supra (74 Fla. 269, 76 So. 777, 1917), this Court held that failure to lay a proper predicate converts otherwise admissible testimony into hearsay. It follows that an objection on hearsay grounds is suffi *848 cient to preserve for appellate review the issue of failure to lay a proper predicate.”[3]
In accordance with the Supreme Court’s mandate, we have reconsidered the point urged by appellants on this appeal going to the question of whether the trial court erred in overruling their objection to the questions propounded to the State’s witness on rebuttal which were designed to impeach the testimony of appellants’ witness. In this connection, we have carefully reviewed the record and find that the provisions of the statute, F.S. Section 90.10, F. S.A., relating to the impeachment of a witness by an adverse party, were not complied with in any respect.
Appellants’ witness testified at the trial that she never knew that appellant Howard Andrews owned a pistol or had one in his possession prior to the time the shooting occurred, nor did she see a pistol in Andrews’ possession prior to the shooting. She was not questioned as to whether she had made an inconsistent statement regarding the pistol following the commission of the crime and prior to the time of trial. After this witness had concluded her testimony, the State on rebuttal called to the witness stand a police officer who was asked whether the defense witness had not stated to him immediately after the shooting incident that she saw a gun in Howard Andrews’ possession before the shooting started. This is the question which was objected to by appellants on the ground that the answer would constitute hearsay evidence, which objection was overruled by the court.
The impeachment .testimony of, the State’s witness which was admitted in evidence over appellants’ objection without a proper predicate therefor having been laid by the State was held by the Supreme Court to have constituted error. Since the question of whether Howard Andrews did have a pistol in his possession prior to the shooting went to the heart of the defense interposed by these appellants, the error cannot be said to be harmless.
Based upon the opinion and directions of the Supreme Court in this case, we have no alternative but to reverse the judgments of conviction and sentence rendered against the appellants herein and to remand the case for a new trial.
SPECTOR, C. J., and JOHNSON, J., concur.

. § 90.10, F.S.

“Impeachment, of witness by adverse par-iv

“If a witness, upon cross examination as to a former statement made by him relative to the subject matter of the cause and inconsistent with his present testimony, does not distinctly admit that he has made such statement, proof may be given that he did in fact make it; but before such proof can be given, the circumstances of the supposed statement, sufficient to designate the particular occasion, must be mentioned to witness, and he must be asked whether or not he made such statements.”

. Andrews v. State (Fla.App.1971) 252 So.2d 572, 573.

. Andrews v. State (Fla.1972) 261 So.2d 497.