302 So.2d 171 (1974)
Richard G. CAVES, Appellant,
v.
STATE of Florida, Appellee.
No. 74-4.
District Court of Appeal of Florida, Second District.
October 25, 1974.
*172 Robert E. Jagger, Public Defender, and L. Scott Rawnsley, Asst. Public Defender, Clearwater, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
SIDWELL, BENJAMIN C., Associate Judge.
Defendant appeals his conviction of the statutory crime of auto theft based upon an amended information tracking the language of Chapter 814.03, F.S.A.
At the close of the State's case, defendant, for the first time, challenged the sufficiency of the information to charge the crime of auto theft on the specific grounds that neither Chapter 814.03 nor the information included the common law element that the taking must be with the intent to permanently deprive the owner of his property.
Defendant further urges that Ch. 814.03 proscribes the identical conduct as does Ch. 814.04, the unauthorized temporary use statute. The former is a felony; the *173 latter, a misdemeanor, ergo, defendant argues, absent an allegation of the intent to permanently deprive the owner of his property, the only offense for which he could be convicted would be the lesser crime (a lesser included offense) of temporary unauthorized use.
The trial court defined auto larceny to the jury and included in his charge the requirement that intent to deprive the owner of his property permanently was an essential element to be proved, therefore the real basis for this appeal is the absence of such an allegation in the information.
We affirm the judgment of the trial court. Defendant's attack upon the sufficiency of the information comes too late. The Rules of Criminal Procedure, Rule 3.190(c), provide that the defendant must move to dismiss the information before or upon arraignment, or thereafter with leave of court, and, except for objections based upon fundamental grounds, every ground for motion to dismiss not presented by motion is waived, with certain additional exceptions not here pertinent. See 9 Fla. Jur., Criminal Law, Sec. 366 et seq. This is in keeping with the weight of authority that a plea in abatement must be made before pleading in bar, 21 Am.Jur.2d, Criminal Law, § 470; Shifrin v. State, Fla.App., 1968, 210 So.2d 18; Schoenholtz v. State, Fla.App., 1969, 220 So.2d 441; Robinson v. State, Fla.App., 1970, 239 So.2d 282.
In West v. State, 149 Fla. 436, 6 So.2d 7, defendant raised in a motion for new trial after conviction, the point that the information wholly failed to charge a crime, and the Supreme Court held the attack came too late. This view has been receded from in Catanese v. State, Fla. App., 1971, 251 So.2d 572, and cases cited therein, holding that if the information "wholly fail[s] to charge a crime," then the sufficiency of the information falls within the "fundamental grounds" exception to Rule 3.190(c).
However, the information herein, though tracking the language of Ch. 814.03, which statute omits the element of intent to deprive  still charges a crime  statutory auto theft, to which defendant plead and went to trial. Tracey v. State, Fla., 1961, 130 So.2d 605, involved a defendant attacking, after trial, an information which tracked the statute prohibiting possession of obscene material, Ch. 847.01, F.S., 1959, which statute omitted scienter as an essential element. The Supreme Court held that although scienter was an essential element to be alleged and proven, defendant had waived the State's failure to allege it by not attacking the information before trial. The Court further specifically held (p. 610) that the omission of an allegation of scienter did not constitute fundamental error. See also Sinclair v. State, Fla., 1950, 46 So.2d 453, where the Court held that a defect in the information caused by failure to allege that forgery had been committed "with the intent to defraud", an essential element of the crime, was waived by failure to attack by motion to quash (now replaced by R.Cr. P. 3.190).
We hold that in order to charge the crime of auto theft under Ch. 814.03, an allegation that the taking must be done "with the intent to deprive the owner of his property permanently" is essential. It must be alleged, proven and included in the jury instructions. This is necessary in order to clearly differentiate a charge under Sec. 814.03 from the conduct proscribed by Sec. 814.04, and to fully apprise a defendant as to the crime with which he may be charged. We have no difficulty in construing Ch. 814.03 to require this essential element, see Cohen v. State, Fla., 1960, 125 So.2d 560.
In the case sub judice, the State proved such intent by competent evidence, and the jury was instructed that such intent was an essential element of the crime. Other points raised by appellant are without merit. Affirmed.
*174 GRIMES, J., concurs.
McNULTY, C.J., dissents with opinion.
McNULTY, Chief Judge (dissenting):
I respectfully dissent. As pointed out in the majority opinion, there is no substantive difference in the statutory felony and the statutory misdemeanor. The legislature could, of course, have made temporary unauthorized use of an automobile a felony had they chosen, but they didn't. They made it a misdemeanor and sought in another section to proscribe a felony for the unauthorized taking of an automobile. Unfortunately, they inartfully omitted to articulate a substantive difference between the two. Consonant with the established rule that ambiguities in penal statutes must be strictly construed in favor of the accused, therefore, I am constrained to conclude that the information herein charges only a misdemeanor, i.e., the least punitive of the two apparently congruous statutes.
Accordingly, there being no felony charge made out by the accusatory writ, the jurisdiction of the circuit court was never invoked. This was a fundamental defect not waived by failure of appellant timely to object. Subsequent proceedings in the circuit court, in my view, were therefore void.
To analogize, an information charging petty larceny because of an omission to allege any value of the property stolen clearly cannot be tried in circuit court and, at trial, it be said that the fatal omission may be cured by proof of sufficient value to establish grand larceny. Moreover, either in that hypothetical situation or in the instant case, could not the state have successfully resisted a motion to dismiss on jurisdictional grounds if the informations had been filed in the county court?
Tracey and Sinclair, cited by the majority, are not amenable to a like jurisdictional attack since the trial courts in those cases were criminal courts of record and each had both misdemeanor and felony jurisdiction. Those cases are therefore not applicable here.