BOARDMAN, Judge.
Appellants were tried and convicted for the crime of grand larceny. The trial court denied their motions for new trial and their motions for judgment notwithstanding the verdict, which the court treated as motions for arrest of judgment. The trial court then entered judgments and sentences, from which these consolidated appeals were taken.
Appellants’ primary contention is that the informations are fundamentally defective in that they did not describe the property taken. The informations described the property as:
. . . [T]he goods and chattels of another the value of more than $100.00 lawful money of the United States of America, being the property of the Plaza Electric Co., Inc. .
Section 811.021(5) [1] provides that it shall be sufficient for any information to describe the property taken in general terms. We submit that the above-quoted language of the informations is sufficient to apprise the defendants of the crime with which they were charged. Had the appellants had any doubt they could have challenged the language contained in the informations by the timely filing of a motion for bill of particulars as provided in Rule 3,140(n), RCrP. We submit the informations were not couched in language so vague and indefinite as to embarrass or mislead the defendants in preparation of their individual defense or subject them to double jeopardy in the event of conviction or acquittal. See Rule 3.140(c), RCrP.
We hold that the wording of the informations did not constitute fundamental defect, notwithstanding that they did not allege a specific description of the goods and chattels taken, to wit: copper wire. True, the informations may have been drafted more artfully. The record discloses that the appellants did not raise the objection now complained of until after the state had rested its case. Under the circumstances, and in light of our decision, the appellants’ objection came too late. See Caves v. State, Fla.App.2d 1974, 302 So.2d 171, and cases cited therein. Accordingly, we
Affirm.
*595 McNULTY, C. J., concurs.
HOBSON, J., dissents with opinion.

. Renumbered § 812.021(5) by Ch. 74-383, Laws of Florida 1974, effective July 1, 1975.