BOARDMAN, Judge.
Appellant, State of Florida, appeals the order of the trial court dismissing an information charging appellee/defendant with grand larceny of an automobile in violation of Section 812.021, Florida Statutes.
Appellee argued that the information was defective because it failed to adequately inform her of the charge as required by Fla.R.Crim.P. 8.140(o). She contended that because the information did not allege that the deprivation was permanent *251 she was not apprised whether she was charged with larceny of a motor vehicle, Section 812.021, Florida Statutes, or with temporary use of a motor vehicle, Section 812.041, Florida Statutes. The information stated, in pertinent part, that
Joy Antionette Thornton ... did take, steal and carry away from the lawful possession of Terry Wheaton, the owner thereof, certain property, to wit: one 1970 Ford Torino motor vehicle, identification # OA35F114972, with the intent to unlawfully deprive or defraud the said Terry Wheaton of the said property or the use and benefit thereof; contrary to Chapter 812.021, Florida Statutes
We hold that the succinct, distinct and definite allegations charge larceny.
 Appellee relies on a previous holding of this court “that in order to charge the crime of auto theft under Ch. 814.03 [sjc ], an allegation that the taking must be done ‘with the intent to deprive the owner of his property permanently’ is essential.” Caves v. State, 302 So.2d 171, 173 (Fla.2d DCA 1974).[1] Nonetheless an express allegation of permanency is not required. The inclusion of the word “steal” in the information “is sufficient to show the felonious intent of the defendant to deprive the owner permanently of its property.” Gaynor v. State, 196 So.2d 19, 21 (Fla. 4th DCA 1967).
The order of the trial court is reversed and the cause remanded for further proceedings consistent with this opinion.
REVERSED and REMANDED.
McNULTY, C. J., and HOBSON, J., concur.

. The crime charged in Caves was a violation of the auto theft statute which was repealed after Caves was decided. The question in Caves was whether intent was an essential element of auto theft not whether a permanent deprivation was an essential element. The court said that intent differentiated auto theft from unauthorized temporary use of a motor vehicle.