BAKER-LEWIS CONSTRUCTION COMPANY, a Corporation, *Plaintiff in Error,* vs. PAYNE H. MIDYETTE, *Defendant in Error.*

141 So. 534.

Division A.

Opinion filed May 11, 1932.

*James Messer, Jr., W. J. Oven* and *Waller & Pepper,* of Tallahassee, for movant;

*John H. Carter* and *John H. Carter, Jr.,* of Marianna, Contra.

PER CURIAM.—In this case a majority of the Court are of the opinion that the motion of defendant in error for dismissal of the cause pending here on writ of error should

be denied. Counsel for defendant in error originally waived the benefit of the rule as to the time for filing briefs. Thereafter they generously indulged opposing counsel with further extensions of time, by stipulations to that effect. Finally counsel for defendant in error having reached their limit of indulgence, refused to grant any further extensions by stipulation, and moved for dismissal of the writ of error for failure of plaintiff in error to file briefs within the time limited by the last stipulation entered into. Before that motion came up on our motion day to be acted on by the Court, the required briefs were prepared and tendered by counsel for plaintiff in error, together with their petition for leave to file the same. So both motions now come before the Court for action at the same time.

To permit the filing of the briefs under the circumstances is discretionary with the Court. And where stipulations filed in a cause on appeal here show a course of indulgence between counsel as to the filing of briefs in a cause not yet reached for consideration on the docket of this Court, and peremptory notice by one side is given to the effect that dismissal will be moved for failure to file briefs within the time limited by the last voluntary stipulation, and the other side thereupon promptly prepares and tenders its briefs with a petition asking that they be filed, and it does not appear that the granting of such petition to file the briefs will work any hardship on the opposite party if granted, nor any delay or inconvenience to the Court in disposing of its business the discretion of this Court allowing the briefs to be filed upon seasonable tender and motion will be exercised, and the motion to dismiss the writ of error for failure to file briefs will be denied, it appearing that the motion for leave to file the briefs together with the briefs in proper form accompanying same, were tendered for filing prior to the time that the motion to dis-

miss was actually set 'for presentation to the Court for action.

When this Court perceives that in consequence of the inadvertence of counsel or other cause, the rigid enforcement of its rules would defeat the great object for which they were established, it is our duty to so relax them (when it can be done without injustice to any) as to make them subserve their true purpose, which is to' aid the Court and the parties before it in determining and adjusting their respective rights. See Barber v. State, 5 Fla. 199 (at page 204).

The transcript shows the entry of a judgment, sufficient to support a writ of error. It also shows that a writ of error purporting to be directed to that judgment has been issued, recorded and made returnable as provided by law. Whether the judgment is in proper form as a judgment of non suit or is in substance a final judgment on the merits, is beyond our province to decide on the present motion to dismiss the writ of error, which writ of error if defective, is not void, nor insufficient to give us jurisdiction, especially in view of the voluntary appearance in this court o'f the defendant in error through his motion to dismiss for failure to file briefs.

Motion to dismiss writ of error denied. Motion for leave to file briefs granted.

WHITFIELD, P.J. AND TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and order.