PER CURIAM.
This cause is before the court on appellant’s motion for an extension of thirty days’ time within which to file his brief.
Notice of Appeal in this case was filed on May 31, 1958. More than one month after the record on appeal was required to be filed in this court as provided by Rule 6.9, subd. b, 31 F.S.A., appellant procured from the trial court an order extending the time for filing the record to August 23rd, thus allowing an additional forty-five days. The record on appeal was ultimately filed with this court on August 22, 1958. Rule 6.11, subd. b, requires that, the appellant’s brief should thereafter be filed within a period of thirty days, or in this case, not later than September 22, 1958. On the date on which appellant’s brief was required to be filed, he filed in this court a motion to extend the time for filing his brief for an additional thirty days. His motion was accompanied by a stipulation signed by the Attorney General consenting to the requested order.
We think it appropriate to call to the attention of the Bar that the public’s interest in all matters relating to criminal convictions is of equal importance to that of the appellant. A heavy duty rests upon an appellate court to see that appeals in criminal cases are diligently prosecuted and promptly determined to the end that the innocent may be exonerated and the guilty be required to pay their debt to society. Thus, Rule 6.14, F.A.R., provides that all appeals in criminal cases shall have precedent over other appeals and shall be placed first on the calendar for hearing.
 We are fully cognizant of the fact that circumstances occasionally arise which *616 render it virtually impossible for all steps to be properly taken in the appeal of a criminal case within the times limited by the rules. Upon a showing of good cause the time for taking such steps will be extended so that the rights of the appellant may be fully protected and complete justice insured. It must be emphasized, however, that the engagement of appellant’s counsel in other litigation which was in reasonable prospect at the time he accepted employment to prosecute the appeal in question does not constitute cause for orders extending time to perfect the appeal. It is the fond hope and reasonable expectation of every practitioner that he will be engaged in sufficient work to fully occupy the time he is able to devote to the practice of his profession. The orderly processes of the law and the efficient administration of justice may not be thwarted or retarded merely because counsel cannot or will not resist the temptation to take more work than the facilities of his office will permit him to perform.
The grounds recited in the motion now before the court are predicated primarily upon the allegations that appellant’s counsel has been in the recent past engaged in the preparation and trial of an involved civil action that required a large share of his time, and is presently engaged in the preparation of an involved criminal trial now pending and on which trial will commence in the near future. Convenience of counsel in the handling of additional and unrelated litigation is inadequate as a basis for asking this court to subordinate its sworn obligation to expedite the disposition of criminal appeals pending before it.
Therefore the motion for an order extending the time for an additional thirty days within which to file his brief is denied, and it is ordered that his brief in this cause be filed and served within fifteen days from the date of this order.
STURGIS, C. J., and CARROLL, DONALD and WIGGINTON, JJ., concur.