PER CURIAM.
Based on the failure of the appellant husband to file his brief within the time provided by the rule, the appellee wife, in whose favor a decree of divorce was entered, has moved to dismiss this appeal and to be awarded reasonable attorney’s fees *650 for the services of her attorneys on the appeal.
Appellant is in default as stated. Neither does it appear that the record on appeal has been filed. It does appear that some loose documents were sent to this court by the Clerk of the court below, but returned by the Clerk of this court because the same were not in the form required for filing.
There is nothing before this court excusing the failure of counsel for appellant to prosecute this appeal. A letter addressed to this court by the appellant in proper person indicates that his attorneys of record on this appeal have withdrawn from representation, and requests an extension of time in which to procure other counsel. We treat the letter as a motion to that effect. Supporting the motion is data further indicating that appellant has refused a request of his attorneys of record to withdraw from this appeal; further, that an order of the Circuit Court has been entered whereby the same counsel have been allowed to withdraw from representation of the defendant (appellant) in the circuit court which entered the decree appealed, but this order has no bearing on the representation here.
 Counsel who once appear on behalf of litigants before this court are not relieved from performing all of the professional services which their appearance implies unless, upon good cause shown, an order of this court permits their withdrawal as counsel. No request for leave to withdraw having been lodged in this court by counsel of record for appellant, this court continues to recognize them as such. It follows that it is the abiding duty of such record counsel to perform all professional services necessary to perfect this appeal; that the only alternative to the performance of that duty is to take such steps as will result in the entry of an order permitting their withdrawal as counsel, but this will not preclude the appellant of his own volition from discharging his present counsel of record and employing substitute counsel herein.
We distinguish this case factually from Graham v. Thornton, Fla.App., 104 So.2d 95, because the appellant in proper person has furnished this court with data reflecting a genuine uncertainty on the part of appellant and his counsel of record, prior to the date appellant’s brief was due, as to whether said counsel were required to take further action on this appeal. Considering the record as a whole, we conclude that counsel did not deem themselves so obligated, while appellant considered that they were. In view of this confusion, we are not inclined to visit the consequences of final dismissal on the appellant without affording a reasonable opportunity to cure the default.
An order will be entered in accordance herewith. •
WIGGINTON, C. J., and STURGIS and CARROLL, DONALD IC., JJ., concur, cur.