PEARSON, Judge.
The appellee has moved to dismiss this appeal for failure of the appellant to serve its brief within the time specified by Rule 3.7, subd.' a, Florida Appellate Rules, 31 F.S.A.[1] Notice of appeal was filed on October 24, 1960; appellant’s brief was due January 3, 1961. On January 5th appellee filed a motion to dismiss for failure to comply with Rule 3.7, subd. a, supra, and this court heard oral argument upon the motion on January 16. Just prior to oral argument appellant filed its motion for leave to file brief instanter. This motion recited that the failure to file appellant’s brief on January 3rd was due to a clerical error in the attorney’s office and that the brief was served on January 14th.
We are thus presented with the question of whether under the rules an *602 appeal should he dismissed when appellant’s brief is served 11 days late and tendered for filing 13 days late. In considering this question we are mindful of the argument of appellant that the ultimate consideration of the appeal upon its merits has not necessarily been delayed because the record upon appeal would in the ordinary sequence have been filed in this court on February 13, 1961. But we are reminded that the purpose of the appellate rules is to provide for a prompt and orderly disposition of appeals to the end that those “delays” in the judicial process, so often lamented, may be eliminated insofar as conscientious lawyers and judges are capable.
There is no doubt that in a proper case an appellate court in Florida may, in the exercise of its discretion, decline to dismiss an appeal upon the ground of appellant’s failure to file his brief on time. Baker-Lewis Const. Co. v. Midyette, 105 Fla. 502, 141 So. 534. Also, where the appeal is from a criminal conviction, the Florida Supreme Court has searched the record after appellant failed to submit a brief. Lamaneda v. State, 153 Fla. 835, 16 So.2d 56.
Likewise, an appellate court will decline to dismiss the appeal and allow the late filing of an appellant’s brief when good cause is shown for the delay. See Martin v. Martin, Fla.App.1960, 118 So.2d 649. In the instant case we have not been presented with a good cause. Mere oversight of counsel in setting his time schedule for perfecting an appeal has previously been held to be an insufficient reason for denying a motion to dismiss the appeal. Nitsos v. Carlisle, Fla.App.1958, 104 So.2d 144; accord, Lambert v. State, Fla.App.1958, 107 So.2d 615; State v. Hardy, Fla.App. 1958, 105 So.2d 385; cf. Savage v. Rowell Distributing Corp., Fla.1957, 95 So.2d 415, 418. This court will not, under ordinary circumstances and without good cause shown, extend the time allowed hy the rules for the service and filing of briefs or for the performance of the other appellate duties imposed upon counsel. This is particularly true where the application for extension of time is made after the expiration of the time limited, and after motion to dismiss is pending. Monroe-Jackson Hospital, Inc. v. Scarane, Fla.App.1960, 117 So.2d 6, 7; Graham v. Thornton, Fla.App. 1958, 104 So.2d 95.
The appeal is dismissed.
HORTON, C. J., and CARROLL, CHAS., J., concur.

. “Rule 3.7a. Appellant’s Main Brief, Service. At least 40 clays before the elate upon which the record-on-appeal is required to be filed in the appellate court, the appellant shall serve one copy of his brief and appendix upon the appellee and he shall file the original and one copy of his brief and appendix with the clerk of the Court, together with proof of service of a copy thereof upon appel-lee.”