224 So.2d 411 (1969)
Jerry POWERS, Appellant,
v.
The STATE of Florida, Appellee.
No. 68-1019.
District Court of Appeal of Florida. Third District.
June 17, 1969.
Rehearing Denied July 25, 1969.
Robert L. Koeppel, Public Defender, and Gregory B. Hoppenstand, Asst. Public Defender, for appellant.
Earl Faircloth, Atty. Gen., and Harold Mendelow, Asst. Atty. Gen., for appellee.
Before PEARSON, BARKDULL and SWANN, JJ.
BARKDULL, Judge.
Appellant appeals from an adverse jury verdict, judgment of conviction, and sentence thereon, after being informed against by a two-count information charging him with breaking and entering a building and grand larceny. The only point preserved for review is alleged error in the trial court refusing to permit the defendant, at the time of the trial, to call as defense witnesses two police officers who had been listed as State witnesses prior to trial.
Approximately ninety days prior to trial the State listed all the witnesses it intended to rely on at time of trial with copies to counsel which, upon the subsequent filing by counsel for the defendant of a motion for discovery, we find met the rule requiring the reciprocal listing of witnesses.[1] Therefore, when at the time of trial the defense attempted to call two witnesses not previously listed as defense witnesses, *412 no abuse of discretion has been demonstrated in the trial judge's refusing to permit these witnesses to be called. Cox v. State, Fla.App. 1969, 219 So.2d 762; 2 Fla.Jur., Appeals, §§ 326, 327; Rule 1.220 (g), Florida Rules of Criminal Procedure, 33 F.S.A.
Further, even if the denial of the right to call these witnesses had constituted an abuse of discretion, the right to consider this error was waived by the failure of the defense to proffer what the testimony of the two witnesses would have been. An appellate court is not justified in finding error on an evidentiary ruling by a trial judge when no proffer of the evidence is preserved for review. See: Boykin v. State, 40 Fla. 484, 24 So. 141; Wright v. State, 42 Fla 239, 27 So. 863; Starke v. State, 49 Fla. 41, 37 So. 850; Davis v. State, 54 Fla. 34, 44 So. 757; McCall v. State, 55 Fla. 108, 46 So. 321; Morey v. State, 72 Fla. 45, 72 So. 490; Morasso v. State, 74 Fla. 269, 76 So. 777; Matthews v. State, 130 Fla. 53, 177 So. 321.
Therefore, in view of what is stated above, we find no error in the verdict, judgment of conviction, and sentence here under review and the same be and are hereby
Affirmed.
PEARSON, Judge (dissenting).
At the close of the state's case the defendant announced that he intended to call on his own behalf two police officers listed as state's witnesses whom the state had failed to call in the presentation of its case. The state objected because the defendant had not listed these officers as defense witnesses. The court sustained the state's objection.
I think it is important that the state does not claim surprise, nor does it claim that the calling of the witnesses by the defendant would have delayed the trial.[1] The Florida Rules of Criminal Procedure like all court rules have as their purpose the procurement of a fair and orderly trial. Rule 1.020, CrPR, states the purpose thus: "These rules are intended to provide for the just determination of every criminal proceeding. They shall be construed to secure simplicity in procedure and fairness in administration." Cf. O'Gara v. Hancock, 76 Fla. 1, 79 So. 167 (1918); Baker-Lewis Const. Co. v. Midyette, 105 Fla. 502, 141 So. 534 (1932). In the pursuit of this purpose the rules are not mechanical mandates of operating procedure but must be interpreted in the interest of substantial justice. Especially where no prejudice to the state is ascertainable, the Florida Rules of Criminal Procedure should be applied in a liberal manner to grant a defendant a full opportunity to present his defense.
Rule 1.220(g), CrPR, cited as an authority for affirmance, provides, among other things:
"* * * If, at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule, or with an order issued pursuant to this rule, the court may * * * prohibit the party from calling a witness not disclosed * * *." (Emphasis added.)
I do not think this foregoing provision authorized the trial court to prohibit the appellant from calling the police officers as witnesses on his behalf. They were not witnesses "not disclosed" because they had been listed as witnesses by the state. Since the court's refusal to permit the appellant to call the officers as defense witnesses was not authorized by Rule 1.220(g), CrPR, the refusal deprived the appellant of his fundamental "right to have compulsory process for witnesses" (Declaration of Rights, § 16, Florida Constitution) and his fundamental right "to have compulsory process for obtaining Witnesses in his favor * * *" (Amendment Six, Constitution of the United States). For this reason I would *413 reverse the judgment and remand the cause for a new trial despite the fact that, as the majority noted, defense counsel failed to proffer what the testimony of the two witnesses would have been.
NOTES
[1] In time sequence, the listing of these witnesses was prior to a request by the defendant for such and would not have been effective to evoke reciprocal witness lists at the time the State originally submitted them. However, some seven days later the defense did request a list of witnesses which would activate the reciprocal provisions of Rule 1.220(e), Florida Rules of Criminal Procedure. Therefore, on the state of this record, we find the time sequence to be immaterial.
[1] The proceedings occurred at the close of the day's work. The defendant proposed to produce the witnesses the next morning.