JOHNSON, Judge.
This appeal is from a conviction for manslaughter and sentence of 15 years.
The grand jury indictment charged, inter alia, that the appellant effected the death of a seven month old baby by striking her on the head with a plastic nursing bottle, giving to her certain wounds from which the baby languished about 24 hours and then died as a result of the blows on her head. The record shows that the estranged wife of the appellant was acting as a baby-sitter for several children; that the mother of the deceased child was a friend of appellant’s wife and was in fact staying in the same house with appellant’s wife. The wife entrusted the care of the deceased child to appellant for a short time while she ran some errands. It was during this time that the baby started crying and in order to hush the baby struck the baby on the head several times with the plastic nursing bottle. Appellant contends that the blows were not hard, but such to quiet ■the baby and he gave her the quarter-full bottle of milk and she went to sleep. We don’t find any competent denial about the cause of death although not intentional.
*184 The record combines some of the testimony of the appellant as related to an investigator for the State Attorney’s office and about being called to the State Attorney’s office. There is considerable conflict between the testimony of the appellant and the officers. It is hard for us to pinpoint at what point of time the appellant was considered a suspect and at what point of time the Miranda rights were administered. We are afraid that the Miranda warnings came too late after too much conversations and investigations were instituted. (The writer of this opinion believes that too much stress has been placed on the Miranda warnings and that the officials are placed in a somewhat awkward position in the investigation of crimes, but this is the law from our highest court and we must obey it.)
The trial court did an excellent job in trying to weed out the testimony which was admissible and what was not, but we are of the opinion that too much testimony and too much questioning by the police took place before the Miranda warnings were given and we must therefore reverse for a new trial. The confessions were inadmissible.
One other point raised is the failure to give the lesser included offense.
While you can think of cases involving murder where some of the alleged lesser included offenses may not be necessary under the circumstances of a certain case, we think and so hold, in this case, because of the particular circumstances pertaining to the method of inflicting the blows on the deceased child, the trial court should have included in his charges to the jury, in addition to the ones given at the first trial, the charges of assault and battery, aggravated assault and bare assault.
The other points raised are without merit.
For the reasons given hereinabove, we reverse the verdict and judgment and set aside the sentence and remand this case for a new trial.
Reversed and remanded for a new trial.
RAWLS, C. J., concurs.
McCORD, J., concurring specially.