321 So.2d 108 (1975)
Cameron MITCHELL, a/K/a Evander Adams, Appellant,
v.
STATE of Florida, Appellee.
No. W-485.
District Court of Appeal of Florida, First District.
October 29, 1975.
*109 Richard W. Ervin, III, Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., for appellee.
McCORD, Judge.
Appellant was charged with murder in the second degree and was convicted of manslaughter. This appeal is from the judgment and sentence.
Appellant first contends that the trial court erred in refusing his request for jury instructions on (1) assault with intent to commit murder in the first degree, (2) assault with intent to commit murder in the second degree, (3) assault with intent to commit manslaughter, (4) aggravated assault, (5) assault and battery, and (6) bare assault. Instructions were given on the offense charged as well as the lesser degrees of that offense  third degree murder and manslaughter.
In Anderson v. State, Fla.App. (1st), 235 So.2d 738 (1970), this court held that the trial court did not commit error in refusing to give a requested instruction on aggravated assault where the appellant was tried and convicted of murder in the second degree by killing the victim with a shotgun. There, this court said:
"It is our view that the trial court correctly refused to instruct the jury on the offense of aggravated assault as requested by appellant. Such a crime is not a lesser offense included within the greater offense of murder. This question was raised before the Second District Court of Appeal in the case of Sadler v. State, and decided adversely to appellant's contention. We agree to the decision in the Sadler case and hold that it controls the question presented here for review."
Prior to Anderson, the Supreme Court in Brown v. State, Fla., 206 So.2d 377 (1968), set up four categories of situations in which charges upon lesser included offenses may or may not be required depending upon various circumstances discussed in the opinion. The four categories were:
1. Crimes divisible into degrees;
2. Attempts;
3. Necessarily included lesser offenses; and
4. Offenses which may necessarily be included depending upon the accusatory pleading and the evidence.
In the case sub judice we are concerned only with categories 3 and 4. Appellant contends that the omitted charges fall into category 3; that they are all necessarily included offenses of murder in the second degree and, therefore, charges upon them were mandatory. Such a ruling would be contrary to our ruling in Anderson, supra, in Martin v. State, Fla.App. (1st), 310 So.2d 747 (1975), and contrary to the ruling of the Second District Court of Appeal in Sadler v. State, Fla.App. (2d), 222 So.2d 797 (1969); and contrary to the Supreme Court's ruling in a later Brown case, Brown v. State, Fla., 245 So.2d 68 (1971), but would be compatible with the opinion of the Fourth District Court of Appeal in Appell v. State, Fla.App. (4th), 250 So.2d 318 (1971), cert. den. Fla., 257 So.2d 257. After the second Brown case, above, the waters were clouded on this subject by the Supreme Court's denial of certiorari in Appell and its subsequent opinion in State v. Anderson, Fla., 270 So.2d 353 (1972), in which it appeared to place its stamp of approval *110 upon Appell (State v. Anderson is an entirely different case from Anderson v. State, supra).
Fortunately for our decision in this case, the Supreme Court in its recent opinion in Gilford v. State, Fla., 313 So.2d 729 (1975) has clarified its ruling in the first Brown case in relation to the question with which we are here confronted. Gilford rules that before a charge is required under either category 3 or category 4 offenses (listed in the original Brown decision) it is essential that the proof of the lesser included offense be present stating:
"If there is no evidence to support a lesser included offense, then it is mockery to tell the jury that they can convict on such a lesser included charge, just as it would be wrong to do so if such a charge were not within the `accusatory pleading.'"
In the case sub judice there is no evidence other than the deceased was killed by the accused, the defense being self-defense. The denied charges would only be applicable to nonhomicide cases, or to factual situations such as that found in Turner v. State, Fla.App. (1st), 314 So.2d 183, opinion filed June 16, 1975 (as brought out in the special concurring opinion).
Appellant in his reply brief cites this court's opinion in Spigner v. State, Fla.App. (1st), 304 So.2d 496. In that opinion, this court stated that it was error (though there held to be harmless) for the trial judge in that first degree murder trial not to have instructed upon requested charges for attempt and assault with intent to commit the crime charged. In the case sub judice, appellant requested the various "assault with intent" charges previously mentioned but did not request an attempt charge. There was no error in the trial judge not giving the attempt instruction as it was not requested. See Brown v. State, Fla., 206 So.2d 377, and Brown v. State, Fla., 124 So.2d 481. Although appellant requested the "assault with intent" instructions, in the light of Gilford, supra, it was not error for the trial judge not to give them as there was no evidence to support them. We find appellant's first point to be without merit.
Turning now to appellant's second point, the state in its cross-examination of appellant asked why he carried a loaded gun to the Thomas home (where the victim was shot). Appellant answered that he had had it in his pocket ever since there was a run-in with the deceased and he attempted to then quote a remark allegedly made to him previously by a sister of the deceased's (and the appellant's former) girlfriend. The state objected to the statement as hearsay. Appellant's counsel then contended that the statement would show appellant's state of mind as to "why he might be harmed." Appellant made no proffer of the statement. While threats previously made by the deceased are admissible under some circumstances, no proffer of the witness' disallowed testimony having been made by appellant, we cannot speculate as to what it would have been in determining whether or not it was error not to allow it. As stated by the Third District Court of Appeal in Powers v. State, Fla.App. (3d), 224 So.2d 411 (1969):
"An appellate court is not justified in finding error on an evidentiary ruling by a trial judge when no proffer of the evidence is preserved for review." (citations omitted)
Appellant's last point contends the trial court erred in allowing the state to question appellant on cross-examination as to his use of two names. On direct examination, appellant testified that he was known by two names, Cameron Mitchell and Evander Adams. During cross-examination, appellant was asked under what *111 conditions he was known as Cameron Mitchell. Appellant objected to the question and the objection was overruled. After a discussion with the court out of the presence of the jury, the state reframed its question (but with the continuing objection of appellant). The questions and answers were then as follows:
"Q Your correct legal name is Cameron Mitchell?
A Yes, it is.
Q That's the name you're presently going under?
A Yes, sir, it is.
Q Would you please tell me why you enlisted in the United States Marines under the name of Evander Adams instead of your correct legal name?
A Because in 1965 I enlisted in the Army. I went to Vietnam and came home from Vietnam a junkie. I got out of the Army in 1968 a junkie.
I hobbled around and scrounged a living as a junkie for so long that I decided  well, you know, it was just getting to me, and I wanted to prove to myself that I could, you know, be a credit as a human being. So, I chose the Marine Corps and enlisted under the name  a fraud name and did this  I couldn't get back into the Army.
Q Have you ever been convicted of a crime?
A No."
Appellant having voluntarily brought out on direct examination that he had used two different names, the above questions by the state were legitimate cross-examination. When a defendant is sworn as a witness his reputation for truth and veracity is made an issue. His testimony admitting that he used two entirely different names opened the door to cross-examination by the state as to why he falsified his name when he enlisted in the Marines. Such was relevant to his credibility as a witness. He could be cross-examined like any other witness. Ivey v. State, 132 Fla. 36, 180 So. 368 (1938).
Affirmed.
RAWLS, Acting C.J., and SMITH, J., concur.