362 So.2d 668 (1978)
Michael WHITTED, Appellant,
v.
STATE of Florida, Appellee.
No. 51960.
Supreme Court of Florida.
September 7, 1978.
*669 Philip J. Padovano, St. Petersburg, and Martin E. Rice of Harris, Clark, Green, Piper & Davenport, St. Petersburg, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Richard G. Pippinger, Asst. Atty. Gen., Tampa, for appellee.
SUNDBERG, Justice.
This cause is before us on appeal from an order of the judge of the County Court for Pinellas County, Florida, which initially and directly passed on the constitutionality of Section 796.07(3)(a), Florida Statutes (1975). We have jurisdiction pursuant to Article V, Section 3(b)(1), Florida Constitution.
Appellant, Michael Whitted, was charged with the offense of prostitution, lewdness or assignation under Section 796.07(3)(a), *670 Florida Statutes (1975),[1] for having engaged in sexual intercourse with a 15-year-old student, Lucy Carr. Appellant entered a written plea of not guilty and the case was set for jury trial. Prior to trial appellant filed a motion to dismiss the information alleging, inter alia,[2] that Section 796.07(3)(a), is unconstitutional in that the term "lewdness" is unconstitutionally vague. Appellant further maintained that, even assuming the constitutional validity of the enactment, the information failed to charge him with a violation of its provisions because mere vaginal sexual intercourse does not constitute "licentious sexual intercourse without hire," the definition of "prostitution." The trial judge rejected these contentions and specifically upheld the constitutionality of Section 796.07(3)(a).
During his opening statement at trial, the prosecutor referred to the case as involving a round-robin sexual intercourse between three high school teachers and two 15-year-old female students. The state attorney outlined an afternoon of marijuana smoking, beer drinking and intermittent sex between the students, Lucy Carr and Lisa Webb, and Coaches Stellmach and Jordan. The sexual activities between Lucy Carr and appellant were then referred to. During his opening argument, defense counsel challenged the accuracy of the prosecutor's summary of the case and told the jury "that the evidence will show that we have two girls here who have severe emotional problems, severe drug problems, and severe credibility problems." During the presentation of his case-in-chief the prosecutor sought to introduce evidence of the reputation of these two girls for truth and veracity in their community. Defense counsel objected, arguing that the truthfulness and veracity of these witnesses had not been placed in issue. In response, the state attorney argued that this question had been raised by virtue of defense counsel's statement during opening argument that the girls have "severe credibility problems." The objection was overruled and the testimony in dispute was introduced.
Lisa Webb testified that on the afternoon of January 24, 1977, she accompanied the victim, Lucy Carr, to the residence of Coach Jordan. She stated that after smoking marijuana and drinking beer, she and Lucy Carr went into Jordan's bedroom and undressed. At several points defense counsel objected to Lisa Webb's testimony concerning the sexual encounter between the girls and Coach Jordan on the ground that it was irrelevant to the charge against appellant, noting that this encounter occurred approximately seven hours prior to the alleged activities of appellant and Lucy Carr. In response to the objection, the prosecutor informed the Court:
I think it's important to show, he [defense counsel] has claimed we have mentally deranged, drug infected, whatever the words are he used, witnesses testifying. I have to [sic] got to show their state of mind when they came in contact with Mr. Whitted, and what preceded it is relevant to their state of mind when they *671 came in contact with him, the sexual activities they had before they came in contact with him.
Although appellant's attorney agreed that it was proper for the prosecutor to elicit testimony regarding the girls' consumption of alcohol and marijuana as relevant to their state of mind, he hotly contended that their sexual activities with Coach Jordan were irrelevant to the charge against appellant. The state attorney argued, however, that these activities were relevant because they preceded, albeit by seven hours, the event out of which appellant's prosecution arose. The trial judge overruled defense counsel's objection. Lisa Webb thereafter related to the jury that she and Lucy Carr had engaged in sexual activities with Coach Jordan at the same time. Following this first encounter, Coach Jordan told Lucy Carr to smoke some more marijuana and go into the other bedroom and "lay" Coach Stellmach.[3] After Lucy left the room, Lisa and Coach Jordan went into the bathroom to take a bath.
Lucy Carr's testimony about the initial events was essentially the same as that of Lisa Webb. Defense counsel, however, did not object to this testimony of Lucy Carr. Following her sexual contact with Coach Stellmach, Lucy Carr went into the bathroom clad only in a sweatshirt and panties and observed Coach Jordan and Lisa Webb taking a bath. Jordan asked Lucy to summon appellant who was sitting in the living room watching television. Appellant went into the bathroom and observed Jordan and Lisa Webb in the bathtub. Following a suggestion by Jordan, appellant took Lucy Carr into the living room and had sexual intercourse with her.
Appellant's attorney requested permission to introduce evidence of his client's good character for truth and veracity. The trial court denied the request, ruling that appellant's character would be placed in issue, thus rendering such evidence admissible, only if appellant took the stand and controverted the testimony of Lucy Carr and Lisa Webb. However, appellant had chosen not to testify in his own behalf.
At the conclusion of the State's case, appellant's counsel renewed his motion to dismiss the information based on the unconstitutionality of Section 796.07(3)(a), Florida Statutes (1975), alleging that the phrase "licentious sexual intercourse" is vague in failing to specify the conduct which it seeks to proscribe. The phrase was additionally attacked for overbreadth as allegedly including constitutionally protected conduct within its scope. This motion was again denied by the trial judge. Defense counsel rested his case without presenting any evidence. The jury returned a verdict of guilty of prostitution. Appellant was adjudicated guilty by the court and sentenced to a term of forty days in the county jail with twenty days suspended.
Seven issues have been raised for consideration by this Court:
(1) Whether the term "assignation" in Section 796.07(3)(a), Florida Statutes (1975), is impermissibly vague for failure to specify the statutorily proscribed conduct; (2) whether the term "lewdness" is also vague; (3) whether the phrase "licentious sexual intercourse without hire" is vague or, alternatively, is overbroad in seeking to proscribe constitutionally protected activity; (4) whether, assuming the constitutional validity of Section 796.07(3)(a), the information failed to charge appellant with the crime of prostitution in that mere vaginal sexual intercourse does not constitute "licentious sexual intercourse without hire"; (5) whether the trial court erred in excluding testimony of appellant's good character for truth and veracity; (6) whether the trial court erred in admitting evidence of the sexual activities of Coach Jordan with Lisa Webb and Lucy Carr; and (7) whether the trial court properly permitted introduction of evidence of the good character of the State's witnesses Lisa Webb and Lucy Carr for truth and veracity.
The first three issues involve the constitutionality of Section 796.07(3)(a), the trial judge's ruling upon which constitutes the *672 basis of our jurisdiction. Article V, Section 3(b)(1), Florida Constitution. By virtue of our jurisdiction with respect to the constitutional issues we are also empowered to determine the remaining points on appeal. Allen v. State, 326 So.2d 419 (Fla. 1975).
Because appellant failed to raise the first issue in either of his motions to dismiss in the trial court, thus preserving it for review, we decline to entertain this issue on appeal. Florida Power Corp. v. Pinellas Utility Board, 40 So.2d 350 (Fla. 1949); Hartford Fire Insurance Co. v. Hollis, 58 Fla. 268, 50 So. 985 (1909); Jackson v. Whitmire Construction Co., 202 So.2d 861 (Fla.2d DCA 1967); Michel v. Bayshore Marina, Inc., 183 So.2d 294 (Fla.3d DCA 1966). Appellant's second contention, that the term "lewdness" is constitutionally defective for vagueness, was rejected in our decision in Bell v. State, 289 So.2d 388 (Fla. 1973).
Similarly, appellant's third point on appeal which posits, inter alia, that the phrase "licentious sexual intercourse without hire" is unconstitutionally vague, was disposed of adversely to appellant by our recent decision in Tatzel v. State, 356 So.2d 787, (Fla. 1978). The reasoning expressed in Tatzel is also dispositive of appellant's overbreadth contention.
Application of our decision in Tatzel v. State, supra, also dictates that appellant's fourth point must fail. Because appellant engaged in sexual intercourse with an unmarried female he ran afoul of the prohibition of Section 798.03, the fornication statute, and, concomitantly, engaged in licentious sexual intercourse without hire in violation of Section 796.07(3)(a), the prostitution statute. Consequently, the information filed against appellant did not fail to charge him with a violation of Section 796.07(3)(a).
Appellant next asks us to consider whether the trial court erred in excluding defense witnesses' testimony regarding appellant's good character for truth and veracity. Although appellant's attorney objected to this action of the trial judge, he failed to proffer for the record the testimony sought to be introduced. Consequently, we are unable to determine whether error occurred with respect to appellant's fifth point on appeal. See Mitchell v. State, 321 So.2d 108 (Fla. 1st DCA 1975); Gaines v. State, 244 So.2d 478 (Fla. 4th DCA 1970); Powers v. State, 224 So.2d 411 (Fla.3d DCA 1969).
The sixth issue before us relates to the State's introduction, over objection of defense counsel, of evidence of the sexual activities between Coach Jordan and Lisa Webb and appellant's victim, Lucy Carr. Both Lisa Webb and Lucy Carr rendered similar accounts of these activities in their testimony. The want of objection as to Lucy Carr does not preclude our determination of the admissibility of evidence of these events through the testimony of Lisa Webb, to which an objection was made. We conclude that reversible error resulted from introduction of this evidence which, as to the charge against appellant, was both irrelevant and highly prejudicial. In Hirsch v. State, 279 So.2d 866 (Fla. 1973), this Court reviewed the conviction of a petitioner who was charged with having committed perjury during a court proceeding. In holding that it was reversible error to introduce evidence that a third person had attempted to suborn perjury with respect to other persons who were involved in the same court proceeding, we noted:
The testimony sought to be elicited in the petitioner's trial dealt, ... with an alleged criminal act committed not by petitioner but rather by a third party ... . See Kellum v. State, 104 So.2d 99 (Fla.3d DCA 1958). The determination of the admissibility of the testimony in dispute must be resolved by a consideration of basic fundamental rules of evidence.
It is interesting to note that even under the Williams rule [Williams v. State, 110 So.2d 654 (Fla. 1959)] evidence which is relevant is inadmissible if its sole purpose is to "show the propensity of the accused to commit the instant crime charged." If the aforementioned objectionable *673 testimony did not directly involve the petitioner and if it had no tendency to demonstrate the commission of a collateral (related) crime what purpose then could such evidence serve except to suggest a tendency, inclination, ergo propensity of the petitioner to have committed the crime for which he was charged? See Williams v. State, supra; see also Anthony v. State, 246 So.2d 600 (Fla.App. 1971).
279 So.2d at 869 (emphasis in original). The prejudicial effect of the evidence admitted in Hirsch was clear; the only purpose that the testimony could have served was to create a belief in the minds of the jurors that, because a third person may have influenced others to commit perjury in a particular judicial proceeding, petitioner had also been persuaded to commit this crime with regard to the same proceeding. In the case sub judice, a similar result obtained from introduction of evidence of the alleged sexual acts committed upon the two young girls by Coach Jordan. The irrelevancy of this evidence is reflected by the testimony that these events occurred approximately seven hours before the encounter of appellant with Lucy Carr and the absence of evidence that appellant was present during this time or was even aware that the activities were taking place. The sole purpose of this testimony was to create an impression in the minds of the jurors that, because Coach Jordan had engaged in sexual intercourse with Lucy Carr, appellant had also engaged in this conduct while at Jordan's home a few hours later. Consequently, we must reverse the conviction of appellant.
The final issue raised by appellant will be entertained in order to render guidance to the trial court on any possible retrial of this cause. We conclude that the State was improperly permitted to introduce evidence of the good character of its witnesses Lisa Webb and Lucy Carr for truth and veracity. This is so because the good character of a witness may not be supported unless it has been impeached by evidence. See Mercer v. State, 40 Fla. 216, 24 So. 154 (1898); 4 Wigmore Evidence § 1104 (Rev. ed. 1972). In the instant cause, the only remark of defense counsel with regard to the credibility of these two witnesses was made during opening argument. It is uncontroverted that the opening remarks of counsel do not constitute evidence, Wheeler v. State, 311 So.2d 713 (Fla. 4th DCA 1975), a fact of which the jury here was informed. Had defense counsel impeached the credibility of these individuals with evidence the State would have been entitled to rehabilitate their character bearing upon truth and veracity. Here, however, appellant's attorney merely stated in opening argument  the purpose of which is to outline for the jury what he expects to be established by the evidence  that these girls would be shown to have "severe credibility problems." The State could have protected itself from any possibility that the jury might have considered these remarks as evidence by reminding the jury during its closing argument that representations by defense counsel in opening argument may not be considered as evidence. Furthermore, the State might have noted the failure of defense counsel to introduce a shred of evidence in support of its assertion that the State's witnesses had "severe credibility problems." Indeed, this approach would very likely have had the effect of bolstering the credibility of these witnesses for the State. Although we have found error as to appellant's seventh point, we find it unnecessary to determine whether such constituted reversible error due to our disposition of this cause on other grounds.
For the reason heretofore expressed, we reverse the conviction of appellant, Michael Whitted, and remand the cause to the County Court for Pinellas County, Florida, for disposition not inconsistent herewith.
It is so ordered.
ADKINS, BOYD and ALDERMAN, JJ., concur.
ENGLAND, C.J., and OVERTON and HATCHETT, JJ., concur in result only.
NOTES
[1] § 796.07(3)(a), Fla. Stat. (1975), provides:

"(3) It shall further be unlawful in the state:
(a) To offer to commit, or to commit, or to engage in, prostitution, lewdness, or assignation."
Subsections (1)(a)-(c) of the enactment define the terms prostitution, lewdness, and assignation:
"(1) As used in this section, unless the context clearly requires otherwise:
(a) The term `prostitution' shall be construed to include the giving or receiving of the body for sexual intercourse for hire, and shall also be construed to include the giving or receiving of the body for licentious sexual intercourse without hire.
(b) The term `lewdness' shall be construed to include any indecent or obscene act.
(c) The term `assignation' shall be construed to include the making of any appointment or engagement for prostitution or lewdness or any act in furtherance of such appointment or engagement."
[2] Because appellant failed to raise on this appeal one of the points argued below in support of this motion to dismiss, we will not address or consider that issue. Kay v. Key West Development Co., 72 So.2d 786 (Fla. 1954); Laramore v. Laramore, 64 So.2d 662 (Fla. 1953); Lightsee v. First National Bank of Melbourne, 132 So.2d 776 (Fla.2d DCA 1961).
[3] No objection was made to the testimony of the sexual encounter with Coach Stellmach.