BARKETT, Judge.
Pursuant to Jenkins v. State, 444 So.2d 947 (Fla.1984), we reverse the imposition of court costs and costs assessed against the defendant for the Crimes Compensation Fund. We remand for a determination of defendant’s ability to pay after adequate notice to defendant.
We further find it was error for the prosecutor to elicit testimony from the state witness on direct examination that he had never been convicted of a crime and to comment on that testimony in closing argument. The good character of a witness may not be supported unless it has been impeached by evidence. Whitted v. State, 362 So.2d 668 (Fla.1978), citing 4 Wigmore, Evidence § 1104 (Rev. ed. 1972). See also section 90.609(2), Florida Statutes (1983).
We cannot say, however, that this error constituted reversible error. The totality of the evidence against the defendant, including her admission of guilt, mutes the prejudicial effect of the improperly elicited testimony. See section 924.33, Florida Statutes (1983); Palmes v. State, 397 So.2d 648, 653-54 (Fla.), cert. denied, 454 U.S. 882, 102 S.Ct. 369, 70 L.Ed.2d 195 (1981).
Accordingly, we affirm the judgment but reverse the imposition of costs, remanding that issue to the trial court for a determination of defendant’s ability to pay.
HERSEY and GLICKSTEIN, JJ., concur.