490 So.2d 223 (1986)
Arthur SCURRY, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 85-1396.
District Court of Appeal of Florida, Second District.
June 25, 1986.
*224 James Marion Moorman, Public Defender, and D.P. Chanco, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Theda R. James, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Chief Judge.
Arthur Scurry, Jr. appeals his conviction and sentence for sexual battery with slight force. We affirm in part and reverse in part.
Appellant argues in his first point on appeal that the trial court erred in failing to sustain defense objections to the state's impeachment of its own witness with a prior inconsistent statement. Without determining the substantive merits of this issue, we find that if there was any error it was harmless because of other sufficient evidence upon which the jury could return a verdict of guilt. Mohorn v. State, 462 So.2d 81 (Fla. 4th DCA 1985).
Appellant next challenges the court's imposition of a $1,050.00 fine, the order that appellant make restitution to the worker's compensation carrier of the employer of the victim, and the order to make a $15.00 payment to the Crimes Compensation Trust Fund under section 960.20, Florida Statutes (1983). We also note that the court ordered appellant to pay $2.00 in court costs under section 943.25(4), Florida Statutes (1983).
The trial court did not err in imposing a $1,050.00 fine as part of appellant's sentence. Section 775.083(1)(c), Florida Statutes (1983), expressly authorizes the court to levy such a fine as a penalty in addition to any prison term a court may impose. See also 960.25, Fla. Stat. (1983). Nash v. State, 434 So.2d 33, 34 (Fla. 2d DCA), petition for review denied, 438 So.2d 833 (Fla. 1983).
However, the trial court did err in imposing restitution under section 775.089, Florida Statutes (1983), without notice and an opportunity to be heard. We recognize that advance notice and hearing before the imposition of restitution is no longer required under section 775.089, Florida Statutes (1984 Supp.), which became effective October 1, 1984. However, appellant committed his crime in August of 1984, therefore the 1983 version of section 775.089, *225 which requires notice and hearing, applies to this case. See Gilford v. State, 487 So.2d 53 (Fla. 2d DCA 1986).
Likewise, the court erred by imposing fees and costs under sections 960.20 and 943.25(4). Appellant had been declared indigent, and therefore was entitled to notice and opportunity to be heard before the imposition of these sums. Jenkins v. State, 444 So.2d 947 (Fla. 1984); Mims v. State, 470 So.2d 838 (Fla. 2d DCA 1985); Hankerson v. State, 464 So.2d 700 (Fla. 2d DCA 1985).
Lastly, the court's imposition of both a fine, to be paid to the Crimes Compensation Trust Fund, and restitution to the worker's compensation carrier was not erroneous. Section 960.13, Florida Statutes (1983), provides that any award made from the Crimes Compensation Trust Fund will be reduced by any amount a claimant receives from a worker's compensation award. This does not mean that a court cannot impose a fine as part of the penalty for conviction and also order restitution.
Accordingly, we affirm appellant's conviction but reverse the imposition of restitution and fees and court costs under sections 960.20 and 943.25(4). Affirmed in part; reversed in part.
SCHEB and SANDERLIN, JJ., concur.