ZEHMER, Judge.
Appellant, Nathaniel Earl Clark, was charged with attempted first degree murder, battery on a law enforcement officer, resisting an officer with violence, driving while under the influence of alcohol, and fleeing or attempting to elude a police officer stemming from an August 30, 1984, incident. Plea negotiations were entered into, and Clark pled guilty to battery on a law enforcement officer, driving under the influence (DUI), and fleeing or attempting to elude a police officer. The battery on a law enforcement officer charge was enhanced from a third-degree felony to a second-degree felony based on appellant’s admitted possession of a firearm. The remaining charges were nolle pressed, and sentencing took place March 13,1985. The sentencing guidelines recommended a sentence of four and one-half years to five and one-half years’ incarceration. The trial court departed from the guidelines, sentencing appellant to ten years’ incarceration. Included in the sentence was a three-year mandatory term for commission of an offense with a firearm, a concurrent sen *1350 tence of one year for the DUI charge, and sixty days for the fleeing and eluding charge.
The court gave the following written reasons for departure:
1. Nathaniel Earl Clark’s record as reflected in the attached portion of the presentence investigation, indicates this individual has a complete and total inability to conform his behavior to the rules of society.
2. The battery on a law enforcement officer with a firearm actually resulted in the discharge of the police officer’s firearm towards the head of the police officer.
3. The defendant’s action almost resulted in his own death and in his actions further indicated his intent to cause the death of the arresting officer.
Clark contends that the trial court’s departure from the sentencing guidelines was based on impermissible reasons. We agree.
The first reason for departure was based on appellant’s prior record, which had already been used to compute appellant’s guidelines score. The Florida Supreme Court held, in Hendrix v. State, 475 So.2d 1218 (Fla.1985), that an already-scored prior record is an improper reason for departing from the presumptive sentence. See also Riggins v. State, 489 So.2d 180 (Fla. 1st DCA 1986).
The second reason given for departure is also invalid because it relies upon an inherent component of the crime. The use of the firearm in the battery of the law enforcement officer resulted in an enhanced penalty and was scored as such.[1] An inherent component of a crime cannot be used to justify departure from the sentencing guidelines. State v. Mischler, 488 So.2d 523 (Fla.1986).
The third justification for departure was based upon the attempted murder charge, which was subsequently nolle pressed. Rule 3.701(c)(ll), Florida Rules of Criminal Procedure, states, “Reasons for deviating from the guidelines shall not include factors relating to the instant offenses for which convictions have not been obtained.” The trial court may not speculate as to all the charges for which a defendant might have been convicted and use that speculation as reason to depart from the guidelines. Scurry v. State, 490 So.2d 223 (Fla.1986). Since the trial court did just that, departure from the guidelines was improper.
For the foregoing reasons, this case is remanded for resentencing. The trial court may consider sentencing defendant as an habitual offender so long as the requirements under the statute are met.
SHIVERS and BARFIELD, JJ., concur.

. Neither party raises the issue that the sentence might be illegal. Defendant pled guilty to battery on a law enforcement officer, a third-degree felony. Use of the firearm increased the offense to aggravated battery, a second-degree felony, and defendant's sentence was based on this offense. Defendant was sentenced, in effect, for a charge different than the one to which he had pled guilty.