DANAHY, Chief Judge.
Upon consideration of the five issues raised by the appellant in challenging his conviction for grand theft, we find no error and affirm the conviction. However, we find error in the sentence imposed upon the appellant and remand for resentencing in accordance with this opinion.
The appellant points out, and the state concedes, that there was an error in calculation appearing on the face of the sentencing guidelines scoresheet used in sentencing the appellant. That error requires that the point total on the scoresheet be reduced by five points, to a total of thirty-six points, which will place the appellant in the first cell instead of the second. A sentencing error may be reviewed on appeal, even in the absence of a contemporaneous objection, where the error is a computational error appearing on the face of the scoresheet. State v. Whitfield, 487 So.2d 1045 (Fla.1986); Bradley v. State, 480 So.2d 647 (Fla. 2d DCA 1985). We reject the state’s suggestion that the appellant “invited” the error by indicating to the trial court that the scoresheet as calculated was correct. It was not, and the appellant is entitled to be resentenced on the basis of a correct scoresheet.
We also reverse that part of the appellant’s sentence imposing restitution. The appellant’s offense was committed pri- or to October 1, 1984, so that the 1983 version of the restitution statute applies to his case. § 775.089, Fla.Stat. (1983); Scurry v. State, 490 So.2d 223 (Fla. 2d DCA 1986). Under the 1983 statute, the appellant was entitled to notice and hearing before the imposition of restitution. Scurry. In this case the trial judge ordered the restitution at sentencing without prior notice and a hearing, but he stated that the appellant was entitled to challenge the amount of restitution by filing a motion within thirty days. Such a motion was filed, but no hearing was ever held because an appeal had been taken to this court, thus depriving the trial judge of jurisdiction to hear the motion on restitution.
Accordingly, we reverse the appellant’s sentence with directions that he be sentenced in accordance with a scoresheet reflecting a total of thirty-six points and that the matter of restitution be redetermined after due notice to the appellant and a hearing at which the trial judge considers those factors to be weighed in determining restitution as provided in section 775.089, Florida Statutes (1983).
Conviction affirmed; sentence reversed.
SCHEB and SCHOONOVER, JJ„ concur.