546 So.2d 113 (1989)
Sam JACOB, Appellant,
v.
The STATE of Florida, Appellee.
No. 88-1655.
District Court of Appeal of Florida, Third District.
July 11, 1989.
*114 Bennett H. Brummer, Public Defender, and Beth C. Weitzner, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Richard L. Polin, Asst. Atty. Gen., for appellee.
Before NESBITT, JORGENSON and LEVY, JJ.
JORGENSON, Judge.
Sam Jacob appeals from a judgment of conviction for aggravated assault and battery on a law enforcement officer. For the following reasons, we reverse and remand for a new trial.
Jacob, an inmate at the South Dade Correctional Institute, was involved in a prison altercation with Willie Wiggins, a correctional officer. Jacob was charged with aggravated assault, attempted armed robbery, and battery on a law enforcement officer; he entered a plea of not guilty.
During direct examination of Officer Wiggins the state attorney asked whether Wiggins had ever had any complaints filed against him in his capacity as a prison guard. Defense counsel objected to this question on the ground that character evidence was not admissible as Officer Wiggins's character was not at issue and had not been impeached. The state claimed that defense counsel had brought Officer Wiggin's reputation into question by referring in opening argument to the defendant's peaceful reputation and Officer Wiggins's violent conduct toward the defendant. The trial court overruled the defense objection and allowed the state to ask Officer Wiggins, "Have there ever been any disciplinary actions taken against you in your year as a corrections officer involving any violence to any inmates?" Officer Wiggins answered, "No."
The trial court erred in admitting evidence of Officer Wiggins's reputation when his reputation was not at issue. Section 90.404(1)(b), Florida Statutes (1987), provides that:
(1) Character evidence generally.  Evidence of a person's character or a trait of his character is inadmissible to prove that he acted in conformity with it on a particular occasion, except:
* * * * * *
(b) Character of victim. 

*115 1. Except as provided in s. 794.022, evidence of a pertinent trait of character of the victim of the crime offered by an accused, or by the prosecution to rebut the trait; or
2. Evidence of a character trait of peacefulness of the victim offered by the prosecution in a homicide case to rebut evidence that the victim was an aggressor.
Under this statute, the state, except in homicide cases, may only introduce evidence concerning a pertinent character trait of the alleged victim to rebut character evidence offered by the defense. Here, the defense had not offered any evidence concerning Officer Wiggins's reputation; defense counsel had merely alluded in opening argument to Officer Wiggins's aggressive action against Jacob. "It is uncontroverted that the opening remarks of counsel do not constitute evidence." Whitted v. State, 362 So.2d 668, 673 (Fla. 1978) (citation omitted) (defense counsel's opening remark on credibility of witnesses was not evidence which allowed prosecution to introduce evidence of witnesses' reputation for truth and veracity). Therefore, the trial court's admission of evidence of Wiggins's character was error.
On appeal, the state contends that, because Jacob later testified at trial and contradicted Officer Wiggins's version of the altercation, the character evidence which the state had earlier elicited from Officer Wiggins was anticipatory rehabilitation. We find that argument to be without merit. The Florida supreme court has "approved the use of `anticipatory rehabilitation' to `take the wind out of the sails' of an attack on credibility or to `soften the blow' of anticipated inquiries or revelations expected to be damaging to the credibility of the witness." Lawhorne v. State, 500 So.2d 519, 520 (Fla. 1986) (quoting Bell v. State, 491 So.2d 537, 538 (Fla. 1986)). This tactic is used to mitigate the effect of damaging evidence "by disclosing it during direct examination, rather than waiting for opposing counsel to bring it out on cross-examination." C. Ehrhardt, Florida Evidence, § 610.6 (2d ed. 1984). We have found no authority which would allow anticipatory rehabilitation of a victim on direct examination by the prosecution. Moreover, the purpose of anticipatory rehabilitation is to mitigate damaging impeachment evidence; the tactic has no discernible application to character evidence. See generally C. Ehrhardt, Florida Evidence, supra. Even if such a practice conformed to the rules of evidence, it would not be applicable here. Jacob's testimony never attacked Wiggins's character. Careful review of the transcript reveals that, although Jacob testified that he was afraid that Officer Wiggins and the other prison guards would beat him during the altercation and that Officer Wiggins had searched his cell every day, Jacob never testified that Officer Wiggins was a violent man or had a reputation for violent behavior. Evidence that no complaints involving violence toward inmates had ever been filed against Officer Wiggins was inadmissible as Officer Wiggins's character was not at issue either before or after his testimony. The state merely attempted to bolster the credibility of its witness, the alleged victim, through the admission of good character evidence.
Because Jacob's trial was a credibility contest, we cannot say that the error committed here was harmless. The jury had to decide whether to believe Jacob's version of the altercation or Officer Wiggins and other prison guards' version. Officer Wiggins's inadmissible testimony effectively bolstered his credibility.
Based upon the foregoing analysis, we reverse and remand for a new trial.