## STATE OF FLORIDA v FERULLO, et al.
### Case Nos. CJAP89-77, 89-78, 89-79, 89-83
Ninth Judicial Circuit, Orange County

August 6, 1990

### APPEARANCES OF COUNSEL

Paula C. Coffman, Esquire, Assistant State Attorney, for appellant.

H. Franklin Robbins, Jr., Esquire, for appellees.

### OPINION OF THE COURT

TED P. COLEMAN, Circuit Judge.

The Court dispenses with oral argument herein pursuant to Fla.R.App.P. 9.320.

The defendants, appellees in these appeals, were charged by information with engaging in lewdness, in violation of F.S. 796.07(3)(a).

The defendants argued, and the trial court agreed, that the term "lewd" is unconstitutionally vague and/or that the defendants' right to dance could not be restricted by this statute.

These arguments will be dealt with in reverse order.

The informations do not seek to prosecute the defendants for dancing. The conduct complained of consists of two defendants penetrating their vaginas with their fingers in public, one rubbing the face of a spectator with her thigh and breasts, and the other rubbing the genital area of a spectator. Whether such conduct falls within the ambit of free speech should be determined by a jury.

The argument that the term "lewd" is impermissibly vague, and that this specific statute is unconstitutional, has already been made to, and rejected by, the Florida Supreme Court. *Bell v State,* 289 So.2d 388 (Fla. 1973); *Whitted v State,* 362 So.2d 668 (Fla. 1978); *McKenny v State,* 388 So.2d 1232 (Fla. 1980). It is not the prerogative of the trial court, nor this court, to overrule the Supreme Court.

The orders of the trial court dismissing the informations in these cases are reversed and these causes are remanded to the trial court for further action consistent with this order.

Motions for rehearing will not be entertained. The Clerk is directed to issue its Mandate forthwith.

ORDERED AND ADJUDGED at Orlando, Orange County, Florida, this 6th day of August, 1990.