ALLEN, Judge.
This is an appeal from convictions for sale or delivery of cocaine to a minor and possession of cocaine. Because the trial court erred in permitting the prosecutor to imper-missibly bolster the testimony of his chief witness, we reverse.
The appellant was arrested during the course of a drug operation in Fort Walton Beach. Mr. Strong, a civilian undercover operative, made six controlled buys, two of which allegedly involved the appellant. Strong testified at trial that in these two transactions, which were recorded and video taped, the appellant gave a piece of rock cocaine to a juvenile accomplice and directed Strong to throw his money on the ground. Over the objection of the defense, the state was permitted to elicit from Strong that he had been led to work as a police informant assisting in drug operations because his daughter had gotten “messed up” with cocaine when she was 15 years old.
The appellant argues that Strong’s testimony regarding his reasons for aiding police in drug operations was improper bolstering of the witness’s credibility before his credibility had been attacked. Indeed, the appellee concedes that Strong’s credibility had not been placed at issue and therefore that his motive testimony should have been excluded as irrelevant. See e.g., Whitted, v. State, 362 So.2d 668 (Fla.1978); Jacob v. State, 546 So.2d 113 (Fla. 3d DCA 1989); Mohorn v. State, 462 So.2d 81 (Fla. 4th DCA 1985): However, the appellee argues that the error was harmless. We cannot agree. First, the prosecutor emphasized in closing argument that it is “extremely significant that Mr. Strong has come in here, a citizen that has absolutely no reason in the world to lie, fabricate or make anything up, no motivation whatsoever, none.” Furthermore, the only evidence actually linking appellant to the possession and delivery of the rock cocaine came from Strong; the video does not show or even suggest that the appellant passed the cocaine to the juveniles to make the sales. The two juveniles to whom the appellant allegedly handed the cocaine to make the two sales both admitted that they had sold the cocaine to Strong that day, but both denied that the appellant gave them the cocaine or assisted in the sale. The appellant likewise denied handing the juveniles the cocaine or aiding them in any way. The only direct evidence that the appellant possessed the cocaine and passed it off to the juveniles came from Strong. In light of the pivotal role that Strong played in the prosecution’s case, we cannot say beyond a reasonable doubt that the improper bolstering of Strong’s credibility did not affect the verdict. See State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).
Accordingly, we reverse the convictions and remand for a new trial.
BARFIELD and WOLF, JJ., concur.