682 So.2d 591 (1996)
Glenn J. LIVINGSTON, Appellant,
v.
STATE of Florida, Appellee.
No. 95-02197.
District Court of Appeal of Florida, Second District.
October 23, 1996.
James Marion Moorman, Public Defender, and Karen Kinney, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Johnny T. Salgado, Assistant Attorney General, Tampa, for Appellee.
PARKER, Judge.
Glenn J. Livingston appeals his conviction for sale and possession of cocaine and his *592 habitual felony offender sentence. This case involved an undercover police officer purchasing crack cocaine. The jury convicted Livingston as the go-between in the sale. We conclude that all four errors raised by Livingston require reversal. However, this opinion will address only three errors because the fourth error, a discovery error, is moot.
Over objection, the trial court permitted the prosecutor to inquire into each of Livingston's prior felony convictions. The prosecutor elicited the name of each crime and asked Livingston about some of the sentences that he received for these convictions. The trial court erred because it allowed the prosecutor to cross-examine Livingston about the specific nature of his prior convictions. The prosecutor may ask the defendant if he has committed any felonies or crimes involving dishonesty or a false statement. § 90.610, Fla. Stat. (1993). If the defendant answers correctly, then the prosecutor may establish the number of convictions. Unless the answers to those two questions are untruthful, the prosecutor is not allowed to inquire as to the specifics of any of the prior convictions. Britton v. State, 604 So.2d 1288, 1290 (Fla. 2d DCA 1992). The record supports the fact that Livingston answered both questions truthfully and in a straightforward manner.
Furthermore, this error cannot be deemed harmless. The main issue in this trial was one of credibility. The officer testified that he purchased the cocaine from Livingston, and Livingston testified that he was not present at the sale nor did he sell the cocaine to the officer. Livingston had an extensive criminal history, and it cannot be said that this evidence of prior bad acts did not influence the jury's decision. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
Next, the trial court permitted, over objection, the police officer to testify that he had been involved in a high-profile drug prosecution of a large-scale drug dealer, and that he had been named "Officer of the Year" for his role in that investigation. The state argues that it only elicited the information regarding the officer's award as part of demonstrating his experience and expertise in drug enforcement. If this had been the only time that the state referred to the officer's experience, it would have been harmless error. However, in closing argument, the state repeatedly called Livingston a liar, arguing that this "officer of the year" would not risk lying for someone like the defendant. The state argued, "He did such a good job, he was named `Officer of the Year' in St. Petersburg. Twenty years down the toilet for Glenn Livingston?" Then the state argued, "[W]ho's got motive to lie? Does Detective Cooke's pay get better? No." This is impermissible bolstering of the officer's testimony. See Davis v. State, 663 So.2d 1379 (Fla. 4th DCA 1995).
This error cannot be considered harmless because the case was one of credibility. It was Livingston and his witness against the officers. The state is not allowed to ask the jury to believe the officers' statements over the statements of "ordinary citizens." Davis, 663 So.2d at 1381-82. See also Garrette v. State, 501 So.2d 1376 (Fla. 1st DCA 1987).
Finally, the court erred in habitualizing Livingston for the possession of cocaine charge which was a concurrent sentence imposed with the sale of cocaine charge. When a defendant is being sentenced for a violation of section 893.13, Florida Statutes (1993), regarding possession or purchase of a controlled substance, the trial court cannot impose a habitual felony offender sentence for the possession conviction. § 775.084(1)(a)3, Fla. Stat. (1993). See Gainer v. State, 671 So.2d 240 (Fla. 1st DCA 1996) Accordingly, if upon retrial Livingston is convicted of both possession and sale of cocaine, the trial court must sentence Livingston under the guidelines for the possession of cocaine conviction; however, the trial court can impose a habitual felony offender sentence for the sale of cocaine conviction.
Reversed.
CAMPBELL, A.C.J., and WHATLEY, J., concur.