824 So.2d 280 (2002)
Clifford SIMPSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-351.
District Court of Appeal of Florida, Fourth District.
August 21, 2002.
*281 Carey Haughwout, Public Defender, and James W. McIntire, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and August A. Bonavita, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, J.
Appellant, Clifford Simpson, appeals his conviction and sentence for possession of a firearm by a convicted felon. During the state's direct examination of the deputy sheriff who discovered the concealed gun in appellant's automobile, the prosecutor asked the officer whether he received a bonus for, or if his salary depended upon, the number of guns he retrieved. Over objection, the officer was allowed to respond. While we hold that the trial court erred in allowing the prosecutor to improperly bolster the testimony of the witness when the witness' character or veracity had not been impeached, it was harmless error. We therefore affirm.
The St. Lucie County Sheriff's Office received a call about criminal activity involving a vehicle and its occupants. Two officers with the special investigation division were dispatched, followed the vehicle into a parking lot, and effected a stop. With their guns drawn, they approached the vehicle in which appellant was a passenger. Deputy Sheelar ordered appellant to the ground, handcuffed him, and searched him for weapons. In appellant's pocket, Sheelar found an Uzi Eagle 40 caliber gun with a bullet loaded in the chamber ready to be fired. When the gun was found, appellant stated, "I don't know anything about that." The officers also found a bullet on the floor of the vehicle that fit in the weapon.
The state charged appellant with possession of a firearm by a convicted felon. At trial, defense counsel argued in his opening statement that the weapon found at the scene was not on appellant's person. Nevertheless, Deputy Sheelar testified that he found the weapon in appellant's pocket. During Sheelar's testimony, the prosecutor asked him if he was paid any bonuses for, or if his salary depended upon, the number of arrests he made. Over objection, the trial court allowed the deputy to answer, determining the question went to the officer's interests or biases. When the prosecutor asked the officer if he received a bonus for, or if his salary depended upon, the number of guns he retrieved, counsel again objected stating the question was irrelevant and only intended to bolster the officer's credibility. The court again overruled the objection on the same basis. The same questions were asked during the second deputy's testimony. Both officers denied that their salaries or bonuses depended upon the number of arrests they made or the number of guns they retrieved.
*282 The state and appellant stipulated that he was a convicted felon. A crime lab technician testified that the gun was operable. He also testified that he was unable to obtain any fingerprints from the gun. No other evidence was offered either by the state or by appellant. The jury found appellant guilty as charged, and the trial court sentenced him as a habitual violent felony offender to forty years in prison, with a minimum mandatory sentence of thirty years.
Appellant argues that the trial court erred in allowing the state to question the officers on whether they received bonuses or salary incentives for arrests or the number of guns they seized. Although the state contends that the objection did not preserve the issue of improper bolstering for trial, we disagree. Counsel told the court that the question was irrelevant and only intended to bolster the officer's credibility. That was sufficient to apprize the court of the nature of the objection.
The trial court erred in overruling counsel's objection and permitting the state to bolster the testimony of the officers when their testimony had not been impeached first. See Whitted v. State, 362 So.2d 668, 673 (Fla.1978); accord Shipman v. State, 647 So.2d 226 (Fla. 1st DCA 1994); Jacob v. State, 546 So.2d 113, 114-15 (Fla. 3d DCA 1989). While the state argues that defense counsel opened the door in his opening statement by stating that the weapon was not found on appellant, even if we were to accept the state's conclusion that this inferred the officers planted the weapon, comments made in opening statements do not "open the door" for rebuttal or impeachment testimony as to matters not placed at issue by evidence. See Burns v. State, 609 So.2d 600, 605 (Fla.1992); Whitted, 362 So.2d at 673.
We conclude, however, that the error was harmless beyond a reasonable doubt. See Goodwin v. State, 751 So.2d 537, 545 (Fla.1999). The objectionable testimony was never referred to by the prosecutor in closing argument, and it was not a substantial part of the case. In Livingston v. State, 682 So.2d 591, 592 (Fla. 2d DCA 1996), the trial court erroneously permitted a police officer to testify as to his credentials as "Officer of the Year." The court noted that this bolstering testimony alone would have been harmless error but when the prosecutor used it in closing argument to further bolster the credibility of the officer to counter the defendant's contradictory version of the incident, the error became harmful. See id. In this case, no mention of the improper testimony was made in closing. The state did not attempt to bolster the officer's testimony, nor did the defense directly impugn or attack the credibility of the officers. In Goodwin, the court explained that in evaluating harmless error the court must be satisfied beyond a reasonable doubt "after evaluation of the impact of the error in light of the overall strength of the case and the defenses asserted, that the verdict could not have been affected by the error." 751 So.2d at 545 (quoting Heuss v. State, 687 So.2d 823, 824 (Fla.1996)). We have made that evaluation in this case and based on our review conclude that the error was harmless beyond a reasonable doubt.
Appellant also raised a sentencing error, which both parties agree is moot because the trial court corrected the error on a Florida Rule of Criminal Procedure 3.800(b) motion.
Affirmed.
STEVENSON and HAZOURI, JJ., concur.