GRIFFIN, J.
 

 Wally D. Spangler [“Spangler”] appeals his judgment of conviction and sentence for possession of cocaine. We reverse.
 

 According to the evidence at trial, on September 11, 2007, law enforcement officers Jason Shor [“Shor”] and Sean Coyle [“Coyle”] were in the area of Sanford’s Redding Gardens community after having conducted surveillance for drug complaints. Shor and Coyle observed a vehicle pull behind apartments in Redding Gardens and park in an area inaccessible to the public. Shor and Coyle approached the observed vehicle, accompanied by a drug detection K-9.
 

 Shor saw two occupants in the vehicle, who were later identified to be Spangler, on the driver’s side, and Shannon Graham [“Graham”], on the passenger’s side. Shor observed Spangler concealing something and approached the driver’s side window to ask if there were any drugs or contraband in the vehicle. Meanwhile, Coyle ran the K-9 around the vehicle, and the dog alerted to the odor of drugs near the open window on the passenger’s side of the vehicle.
 

 
 *308
 
 After the K-9’s alert, Shor asked Span-gler and Graham to exit the vehicle. As Spangler exited the vehicle, Shor spotted what appeared to be a piece of crack cocaine on the seat underneath Spangler’s leg. Coyle then spotted and retrieved what appeared to be another piece of crack cocaine on the floorboard. A field test conducted by Coyle confirmed that the substances were crack cocaine. Shor retrieved a crack pipe underneath the seat on the passenger’s side of the vehicle, after which he spoke with Graham. Shor testified that he arrested Spangler, but chose to release Graham “due to her honesty.”
 

 The State charged Spangler by information with one count of possession of cocaine. At trial, during the direct examination of Shor, the State undertook a line of questioning to bolster the credibility of the testifying officers:
 

 Q. And do you have any interest in this case?
 

 A. No.
 

 Q. Do you get any kind of bonuses, incentives if you make a certain—
 

 [[Image here]]
 

 Q. If you make a number of arrests?
 

 A. No, I don’t.
 

 Q. And do you get any bonuses, incentives if the defendant is found guilty today?
 

 A. No.
 

 Q. Do you get disciplined of any negative action whatsoever if he’s found not guilty?
 

 A. No.
 

 Q. And after you make — are you familiar with the channels your cases go through after you make an arrest?
 

 A. Yes.
 

 Q. And do you have any say in whether or not the State charges your cases?
 

 A. No.
 

 Q. Do you get — have you ever had the State not charge any of your cases?
 

 A. Yes.
 

 Q. And do you get penalized in any way, shape, or form—
 

 [[Image here]]
 

 Q. So you don’t get penalized in any way, shape, or form if the State chooses not to go forward on any of your cases?
 

 A. No.
 

 Defense counsel objected repeatedly to such questions, but the objections were overruled.
 

 The admissibility of evidence is within the discretion of the trial court; however, “[t]he trial court’s discretion is limited by the rules of evidence.”
 
 Johnston v. State,
 
 863 So.2d 271, 278 (Fla.2003). Spangler urges on appeal that the trial court erred by overruling his objections to the State’s questioning of Shor and Coyle on their interest, bonuses, discipline, and incentives in relation to the outcome of the case because these questions were relevant only to bolster the credibility of Shor’s and Coyle’s testimony. The State says that its line of questioning did not constitute bolstering, but rather “established the evidence for the jury to consider in regards to weighing the evidence.”
 

 In
 
 Whitted v. State,
 
 362 So.2d 668, 673 (Fla.1978), the Florida Supreme Court said that “the good character of a witness may not be supported unless it has been impeached by [ejvidence.” Here, the objectionable line of questioning occurred during the direct examinations of Shor and Coyle, before Spangler had the opportunity for impeachment.
 

 In
 
 Simpson v. State,
 
 824 So.2d 280, 282 (Fla. 4th DCA 2002), the Fourth District Court of Appeal found that the trial court erred by permitting the State to bolster
 
 *309
 
 the testimony of two law enforcement officers by asking them “whether they received bonuses or salary incentives for arrests or the number of guns they seized” when the officers’ testimony had not yet been impeached. The line of questioning at issue here is similar. It was error to allow it to proceed over objection.
 

 We agree with Spangler that the error was not harmless because the State’s case was constructed entirely on the testimony of the two officers and because the State reinforced the impermissible bolstering by focusing on it during its closing argument.
 
 See Livingston v. State,
 
 682 So.2d 591, 592 (Fla. 2d DCA 1996). This error requires a reversal for a new trial.
 
 [1]
 

 REVERSED and REMANDED.
 

 TORPY, J., and PLEUS, R., Senior Judge, concur.
 

 [1]
 

 . Graham did not testify during trial, but Shor testified, during both direct and cross-examination, that he had released Graham due to her "honesty.'' Based on that testimony, defense counsel attempted to introduce certified copies of Graham's criminal conviction history, but the trial court would not allow it. Given our disposition on the main issue, we do not need to decide whether this was an abuse of discretion.