IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

LAVARIO RAY,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-1379

Opinion filed November 5, 2015.

An appeal from an order of the Circuit Court for Duval County.
Tatiana Salvador, Judge.

Lavario Ray, pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Anne C. Conley, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

     Lavario Ray appeals the summary denial of his motion seeking postconviction relief brought pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm, without comment, the postconviction court's denial of three of the Appellant's four claims. However, as to his claim that he was improperly

habitualized as to his conviction for conspiracy to purchase or possess cocaine, we reverse.

In the instant postconviction motion, the Appellant argued in part that he was illegally sentenced to life in prison as an HFO for conspiracy to purchase or possess cocaine with intent to sell. This claim has merit, as section 775.084(1)(a)(3), Florida Statutes (2004), does not permit habitualization for a felony "relating to the purchase or the possession of a controlled substance." See also Penn v. State, 941 So. 2d 466, 466 (Fla. 1st DCA 2006). Further, this offense is a third-degree felony, punishable by up to 5 years in prison. See §§ 775.082(3)(d); 777.04(4)(d)(1); 893.13(1)(a)(1), Fla. Stat. (2004). Even if he had been properly habitualized on this count, the maximum sentence that could have been imposed was 10 years in prison. See § 775.084(4)(a)(3), Fla. Stat. (2004). Thus, the Appellant's life sentence is illegal.

Accordingly, we reverse the trial court's order as to this claim and remand for further proceedings.

AFFIRMED IN PART; REVERSED IN PART, AND REMANDED.

WOLF, THOMAS, and KELSEY, JJ., concur.