# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2024-3385
LT Case No. 2017-CF-000301

_____

LLOYD ANTHONY DAVIS,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

3.800 Appeal from the Circuit Court for Sumter County.
Mary Pavloff Hatcher, Judge.

Lloyd Anthony Davis, Lake Butler, pro se.

James Uthmeier, Attorney General, Tallahassee, and Kaylee D. Tatman, Assistant Attorney General, Daytona Beach, for Appellee.

July 3, 2024

PER CURIAM.

Lloyd Anthony Davis ("Appellant") appeals an order dismissing his motion to correct an illegal sentence filed under Florida Rule of Criminal Procedure 3.800(a). Because the motion presented a facially sufficient claim, we reverse and remand for the postconviction court to consider the motion on the merits.

## Facts

Appellant was convicted of sale of cocaine (Count 1) and possession of cocaine with intent to sell or deliver (Count 2), under sections 893.03 and 893.13, Florida Statutes (2017). For each count, he was designated a habitual felony offender and sentenced to thirty years' imprisonment. On direct appeal, Appellant's conviction and sentences were reviewed under *Anders v. California*, 386 U.S. 738 (1967), and per curiam affirmed. *See Davis v. State*, 267 So. 3d 395 (Fla. 5th DCA 2019).

In 2020, Appellant filed a pro se motion to correct an illegal sentence under Rule 3.800(a). The lower court dismissed the motion as legally insufficient, which this Court also affirmed without opinion. *See Davis v. State*, 299 So. 3d 396 (Fla. 5th DCA 2020).

In 2024, Appellant filed another Rule 3.800(a) motion in which he argued his sentences were illegal because both his instant offenses and prior felonies were violations of section 893.13, Florida Statutes. Again, the lower court dismissed the motion and Appellant appealed.

## Analysis

When a defendant shows entitlement to correction of an illegal sentence evident on the face of the record, a court may correct the sentence at any time. *See* Fla. R. Crim. P. 3.800(a)(1). Where a Rule 3.800(a) motion presents a facially sufficient claim, "the trial court must address it." *Battles v. State*, 349 So. 3d 515, 516 (Fla. 2d DCA 2022).

Florida law permits a trial court to impose enhanced penalties on a defendant who is classified as a "habitual felony offender" ("HFO"). A defendant is given HFO status when he or she meets specific criteria including having "previously been convicted of any combination of two or more felonies in this state or other qualified offenses." § 775.084(1)(a)1., Fla. Stat. But certain drug offenses cannot be used to qualify a defendant for HFO status. *See id.* § 775.084(1)(a)3. ("The felony for which the defendant is to be sentenced, and one of the two prior felony convictions, is not a

violation of s. 893.13 relating to the purchase or the possession of a controlled substance."); *see also Ray v. State*, 177 So. 3d 1040, 1041 (Fla. 1st DCA 2015) (noting section 775.084 "does not permit habitualization for a felony 'relating to the purchase or the possession of a controlled substance'").

As Count 1 was based on the *sale* of a controlled substance—rather than purchase or possession—the associated HFO sentence is legal. *See Livingston v. State*, 682 So. 2d 591, 592 (Fla. 2d DCA 1996) ("[T]he trial court can impose a habitual felony offender sentence for the sale of cocaine conviction."). But, as conceded by the State on appeal, Count 2 was related to the *possession* of a controlled substance and therefore would not qualify for habitualization. *See id.* ("When a defendant is being sentenced for a violation of section 893.13 . . . regarding possession or purchase of a controlled substance, the trial court cannot impose a habitual felony offender sentence for the possession conviction."); *see also Jones v. State*, 988 So. 2d 15, 16 (Fla. 2d DCA 2008) (confirming "the habitual felony offender sentencing statute exempts drug offenses of possession with intent to sell"); *cf. Roberts v. State*, 753 So. 2d 136, 137 (Fla. 2d DCA 2000) ("Only drug offenses relating to the purchase or the possession of controlled substances are exempt from habitualization; defendants sentenced for offenses relating to the sale of narcotics do not enjoy the benefit of this statutory exemption.").

Despite its concession, the State asserts dismissal of the motion should be affirmed because the claim was raised in a successive Rule 3.800(a) motion and barred by the law of the case and collateral estoppel. However, Appellant's previous motion was dismissed, not denied. *See* Fla. R. Crim. P. 3.800(a)(2) ("A court may dismiss a second or successive motion if the court finds that the motion fails to allege new or different grounds for relief *and the prior determination was on the merits*." (emphasis added)). Thus, law of the case and collateral estoppel do not preclude review.

Because the postconviction court dismissed the motion, which the State concedes sets forth a valid claim, we reverse and remand for the postconviction court to consider the motion on the merits.

REVERSED AND REMANDED WITH INSTRUCTIONS.

3

MAKAR, BOATWRIGHT, and KILBANE, JJ., concur.

————————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

————————————————